IN RE SCARBOROUGH WILL.

(Filed October 31, 1905).

*Wills—Production for Probate—Proceedings for Contempt
—Power of Court—Practice.*

1. Where the clerk of the court of G. county issued a notice to the respondent who had the will of the deceased in his possession to exhibit the same for probate, it was the duty of the respondent to obey the summons and he could have raised in his answer the question of whether the will should be probated in G. or L. county.

2. An order of the clerk the court of G. county which adjudged the respondent guilty of contempt and that he be committed to jail, until such will was produced, was properly reversed on appeal where it appears that the respondent cannot comply with the condition upon which he might be discharged, because the clerk of L. county now has custody of the will and has refused to surrender it to the respondent.

3. Upon appeal from an order of the clerk adjudging the respondent in contempt, there was no error in the judge allowing additional affidavits, to be filed on the hearing before him.

4. In a proceeding to attach the respondent for contempt in not producing for probate a will, the question whether the will should be probated in G. or L. county is not presented and cannot be passed upon.

This was a rule against B. F. Scarborough to appear and show cause why he should not be attached for contempt in not producing the will of Sam W. Scarborough for probate before the clerk of the Superior Court of Guilford County, heard by *Judge Geo. W. Ward,* by consent, at the August Term, 1905, of the Superior Court of GUILFORD County, on appeal from an order of said clerk adjudging the respondent in contempt. From the judgment discharging the respondent, the petitioners, A. E. and Clyde Scarborough, executors under said will, appealed.

*Scales, Taylor & Scales* for the petitioners.

*John A. Barringer* and *W. P. Bynum, Jr.,* for the respondent.

CLARK, C. J.   S. W. Scarborough died 22 May, 1905, in Lenoir County.   The clerk of the Superior Court of Guilford County, being of opinion that the deceased had his legal domicile in the county of Guilford at the time of his death, on 27 May, appointed collectors of his estate, and issued by virtue of section 2154 of The Code to the respondent in Lenoir County, who had the will of the deceased in his possession, notice to exhibit the same for probate in Guilford County.   The notice was served on the respondent 29 May. Thereafter on the same day, the respondent consulted counsel in Kinston, Lenoir County, and the clerk of the Superior Court of said county, and under their advice delivered the will to the clerk of the Superior Court of Lenoir County, by whom, later, it was probated.   The clerk of the Superior Court of Guilford County thereupon issued notice to the respondent to appear at his office in Greensboro, on 26 June, and show cause why he should not be attached for contempt. The respondent appeared and filed his answer setting forth the affidavit of counsel that he had advised the respondent that the will should be probated in Lenoir County, and the affidavit of the clerk of the Superior Court of Lenoir that on 25 May, he advised the respondent that the will should be probated in Lenoir; that on 29 May the respondent left the will in his office for probate, and that on 1 June the witnesses appeared, whereupon the said will was duly probated and recorded and is now on file in his office as part of the records thereof; that on 29 or 30 May the respondent came to his office and requested him to surrender said will that he might comply with the order of the clerk of Guilford Superior Court, but being of opinion that the will should be probated in Lenoir, he declined to surrender it to the respondent.

In the respondent's answer he avers that he was guided by the advice of counsel and of the clerk of Lenoir Superior Court; that he intended no contempt; that he is unable to produce the will because the clerk of Lenoir Superior Court refused to deliver the same to him; and he also filed many affidavits tending to show that the testator died domiciled in Lenoir County. Thereupon the clerk of the Superior Court of Guilford adjudged the respondent guilty of contempt and ordered that he be committed to jail, without bail, until such will was produced. Upon appeal the judgment was reversed, and the respondent was discharged.

When the notice from the clerk of Guilford Superior Court was served upon the respondent, it was his duty to obey the summons, and on appearing before the clerk of Guilford Superior Court he should have set up his evidence to show, if he could, that the will should be probated in Lenoir County, and if that were held against him he could have appealed to the judge, and thence to this court. Had the respondent been held for contempt and punished for such disobedience, the judgment would have been sustained if the disobedience was wilful and not an honest mistake, Code, section 648 (4), as the clerk seems to have adjudged, for he imposed no sentence for such contempt, but directed that the respondent be imprisoned unless he produced the will in fifteen days, and to remain imprisoned until he does.

As it sufficiently appears that the respondent cannot do this, that the clerk of Lenoir Superior Court has custody of the will (Code, section 2154), and has refused to surrender it to the respondent who applied for the same, that he might obey the process issued to him from Guilford, this amounts to an order of perpetual imprisonment, since it is out of the respondent's power to comply with the condition upon which he might be discharged. His Honor therefore properly discharged the respondent.

Nor was there error in the judge allowing additional affi-

davits to be filed on the hearing before him. *In re Deaton,* 105 N. C., 62, it is held that "on appeal from the Superior Court, the findings of fact by the judge are conclusive and this court can only review the law applicable to such state of facts, but upon appeal from a court below the Superior Court to that court, it is the duty of the Superior Court judge to review the facts as well as the law, and in his discretion he can hear additional testimony orally or by affidavits." This case has been cited and approved: *Finlayson v. Accident Co.,* 109 N. C., 199; *King v. Railroad,* 112 N. C., 321; *In re Gorham,* 129 N. C., 490; *Turner v. Machine Co.,* 133 N. C., 385.

The question whether the will should properly be probated in Guilford or Lenoir County is not presented and cannot be passed upon in this proceeding. Whether the clerk of Guilford was right or wrong in assuming jurisdiction, it was the duty of the respondent to obey the notice served upon him before he had delivered the will to the clerk of Lenoir, and he could have raised the issue in his answer to that summons. He should not have decided it himself. It is equally true that as the respondent has it not in his power now to produce the will, he cannot be imprisoned till he does, irrespective of the inquiry whether the will should be probated in Guilford or Lenoir.

No Error.