IN THE MATTER OF THE ADOPTION OF AUGUSTUS REYNOLDS MORRIS,
    MINOR, BY WILLIAM TAZEWELL MORRIS AND EVELYN BAILEY
    MORRIS, HIS WIFE.

(Filed 11 October, 1944.)

**1. Adoption § 9—**

A proceeding relating to the custody of a child may be for the minority
of the child and may be modified from time to time; whereas that for
adoption for life terminates the relationship between the natural parents
and the child.

**2. Adoption § 3—**

The statute, G. S., 48-10, providing that in all cases where the juvenile
court has declared the parent unfit to have the care and custody of his or
her child, such parent shall not be a necessary party to any proceeding
for the adoption of the child, was intended to apply only to final, absolute
and unconditional determination of unfitness, and not to a judgment of
unfitness retained "for further orders as the continued welfare of said
child and changing conditions may require."

**3. Judgments § 30—**

No question becomes *res judicata* until settled by a final judgment.

APPEAL by respondent Edith Morris Muhler from *Nettles, J.,* at April
Civil Term, 1944, of BUNCOMBE.

Proceeding for adoption for life of Augustus Reynolds Morris, a child
born 2 December, 1934.

These pertinent facts, appearing in the record on this appeal, are
sufficient and necessary to present the determinative question on the
appeal:

In a proceeding entitled "In the Matter of Augustus Reynolds Morris,"
in the Domestic Relations Court of Buncombe County, upon petition of
W. T. Morris, paternal uncle, and regarding the custody of Augustus
Reynolds Morris, minor child of Ben W. Morris and Edith Sluder
Morris, who were then divorced, and after notice to the respondents,
"Mr. and Mrs. Charles Muhler," the judge of said court entered an
order on 2 June, 1942, in which after reciting that no evidence had been
presented in support of contentions of respondents that Charles Muhler
had obtained a divorce from his wife, and was lawfully married to Edith

Sluder Morris, the mother of Augustus Reynolds Morris, it is found as a fact that "The respondents are not fit or suitable persons to maintain a home and have the custody of said child unless lawfully married to each other, which marriage they have failed to establish," and thereupon committed the said child "to the care, custody and control of the said W. T. Morris upon conditions that the said W. T. Morris and his wife shall continue to furnish and maintain a suitable home for said child and therein properly maintain, support and educate him."

Subsequently, on 31 March, 1943, the judge of said Domestic Relations Court, acting upon petition filed 16 March, 1943, entered a judgment in which, among other things, it is recited that Edith Sluder Morris and Charles W. Muhler were married on 21 September, 1942; that on 13 May, 1942, the court took jurisdiction of the child, and upon the finding of fact that his mother, Edith Sluder Morris, and the said Charles W. Muhler were not fit and suitable persons to have the custody of said child, committed him to the care, custody and control of W. T. Morris and his wife, Evelyn B. Morris, upon certain conditions, with which they have faithfully complied; and that, though "the respective homes presently offered said child by the petitioners and the respondents in this proceeding are physically sufficient and proper homes," the "child has received better care, has shown more progress and has been happier since May 13, 1942, while residing in the home of W. T. Morris and wife, Evelyn Morris, with his brother, William T. Morris, than he had experienced prior thereto while residing alone with his mother, Edith Sluder Morris, and the said Charles W. Muhler, and the general welfare of the said child will be best served and promoted by his remaining with his brother in the home and under the custody and control of the said W. T. Morris and wife." And, thereupon, the court denied the petition of the mother and her husband for that (1) the court has jurisdiction of said child and his custody, and (2) the order of 2 June, 1942, ought not to be set aside, and ordered that the child remain in the home and under the care, custody and control of W. T. Morris and his wife, "subject to the further orders" of the court, and upon certain conditions, among which the mother was given the privilege of visiting the child at his home at reasonable intervals and under proper circumstances, and of taking the child from time to time for short day visits with her. And the court retained jurisdiction of the child and of the parties to the proceeding "for such further orders as the continued welfare of said child and changing circumstances may require." From neither of the foregoing orders was an appeal taken. But later the mother petitioned for modification of the order of 31 May, 1943, with regard to the time she should take the child, upon which petition the judge of the Domestic

Relations Court entered order on 24 September, 1943, from which the mother appealed.

On such appeal the judge of Superior Court, after finding certain facts, including unfitness of mother "at this time" and of her husband to have care and custody of the child, affirmed and approved "in all respects" the said orders of 31 May, 1943, and 24 September, 1943, "with the following clarification and none other namely": Then follows provision for the mother having the child with her between the hours 9 a.m. and 7 p.m. on Saturdays, except on Christmas Day, 1943, he should remain at the home of W. T. Morris until 11 o'clock in the morning.

In the meantime and on 2 June, 1942, after the order regarding the custody of the child had been entered by the judge of the Domestic Relations Court of Buncombe County as aforesaid, the said W. T. Morris and his wife, designated as William Tazewell Morris and Evelyn Bailey Morris, filed a petition before the clerk of the Superior Court of Buncombe County for the adoption of the said Augustus Reynolds Morris for life.

In this petition it is alleged, among other things, "that the father of said child has given his consent to the adoption, and the mother of said child has been adjudged as a not fit or suitable person to maintain a home and have the custody of said child." Summons in this adoption proceeding was duly issued 2 June, 1942; the service of same was accepted by Ben Morris, the father of the minor; and *alias* summons regularly and consecutively issued for the mother therein named Edith Morris Muhler, was duly served upon her with copy of petition, on 5 November, 1942, and she filed answer to the petition on 2 December, 1942.

In the answer so filed Edith Morris Muhler, protesting the said proposed adoption of Augustus Reynolds Morris, her minor son, then living with the petitioners at their home in Asheville, denies all other material allegations of the petition. She avers particularly that "the petitioners do not have the lawful custody of and care of the said minor child," and further answering the petition she as respondent avers among other things, briefly stated, that prior to 1937 Ben Morris, the father of Augustus Reynolds Morris and another son born of their marriage, abandoned her and them and "failed, neglected and refused to support" them, and that she had the sole care and custody of said child; that on 27 June, 1939, in the General County Court of Buncombe County she obtained an absolute divorce from said Ben W. Morris, and because of things alleged the Superior Court has sole jurisdiction of the matters relating to the care and custody of the minor child, Augustus Reynolds

Morris; that the purported order made by the Domestic Relations Court on 2 June, 1942, is void and of no effect for that said court had no jurisdiction to make such order or to take any action with relation to the care and custody and tuition of said minor child of respondent; and that she is now married, has a comfortable home and is financially and otherwise able to care for and furnish a good home and tuition for said minor, and it would be unconscionable and contrary to law to take him from her in disregard of her rights.

When the adoption proceeding, continued from time to time, came on for hearing on 15 March, 1943, the clerk, being of opinion that under the provisions of G. S., 48-10, the said Edith Morris Muhler is not a necessary party to such proceedings "in view of the adjudication of the judge of the Domestic Relations Court" as above recited in order of 2 June, 1942, declined to hear the testimony which petitioners and respondents were prepared to offer, touching upon the subject of the fitness and unfitness of the mother to have the custody of the child and tentatively approving the adoption of the child as prayed, and entered an interlocutory order to that extent and giving the care and custody of the child to the petitioners W. T. Morris and wife, Evelyn Morris. Upon hearing on appeal therefrom by the mother, the judge of Superior Court, on 12 June, 1943, approved and affirmed the interlocutory order of the clerk entered 15 March, 1943, and remanded the case to the clerk for further proceedings according to law.

Thereafter, on 16 March, 1944, the mother of the child, petitioning for a hearing on the averments in her answer renewed her tender of testimony in support thereof. Nevertheless, the petition therefor was denied and final order of adoption as prayed was signed by the clerk on 16 March, 1944. The mother excepted thereto and appealed therefrom. On such appeal the exception was overruled, and the final order of adoption as entered by the clerk was in all respects confirmed, approved and adopted by the judge of Superior Court in judgment entered 15 April, 1944. The mother, Mrs. Edith Morris Muhler, appeals therefrom to Supreme Court and assigns error.

*Williams & Cocke for petitioners.*

*Smathers & Meekins and E. L. Loftin for respondent.*

WINBORNE, J. Any question as to the constitutionality of the statute, G. S., 48-10, need not be debated or decided here. The appeal turns upon decision on this question: Is the appellant, the mother of the child sought to be adopted, concluded under the facts of record on this appeal from asserting in this adoption proceeding her rights as the natural

parent of such child, by the finding of the judge of the Domestic Relations Court of Buncombe County in a proceeding relating to the care and custody of her child, regarding her unfitness to have the custody of the child?

The clerk of the Superior Court of Buncombe County, in deference to the provisions of G. S., 48-10, held that it is conclusive on her and the judge of the Superior Court affirmed the decision of the clerk. The appellant assigns this as error. We are of opinion that the assignment is well taken.

The statute regarding necessary parties to proceeding for the adoption of minors, G. S., 48-4, provides that: "The parents . . . must be . . . parties of record" to such proceeding, "provided . . . that when such parent . . . has consented to an adoption as specified in G. S., 48-5, he shall not be a necessary party of record" to the proceeding. This statute has been treated and applied in these cases: *Truelove v. Parker,* 191 N. C., 430, 132 S. E., 295; *In re Shelton,* 203 N. C., 75, 164 S. E., 332; *Ward v. Howard,* 217 N. C., 201, 7 S. E. (2d), 625; *In re Holder,* 218 N. C., 136, 10 S. E. (2d), 620; *Moseley v. Deans,* 222 N. C., 731, 24 S. E. (2d), 630.

But in another section of the statute, G. S., 48-10, in deference to which the clerk acted, it is provided that "In all cases where a juvenile court has declared the parent or parents or guardian unfit to have the care and custody of such child, or has declared the child to be an abandoned child, such parent, parents, or guardian shall not be necessary parties to any action or proceeding under this chapter nor shall their consent be required." The chapter referred to is that relating to the adoption of minors.

In considering the application of this last section it is pertinent to look to the nature and effect of proceedings relating to the custody of minors, and the nature and effect of proceedings for the adoption of minors.

As to the former: Domestic Relations Courts where established are vested with all the power, authority and jurisdiction theretofore vested by law in the juvenile courts of North Carolina, and in addition thereto such Domestic Relations Courts shall, among other things, have exclusive original jurisdiction over "all cases involving the custody of juveniles, except where the case is tried in Superior Court as a part of any divorce proceeding." G. S., 7-103. The statute gives to juvenile courts exclusive original jurisdiction of any case of a child less than sixteen years of age residing in or being at the time within the respective districts "who is in such condition or surroundings or is in such improper or insufficient guardianship or control as to endanger the morals, health, or

general welfare of such child." This jurisdiction when obtained in the case of any child shall continue for the purposes of the statute on "Child Welfare" during the minority of the child, unless a court order be issued to the contrary. G. S., 110-21. This section of the statute imposes upon the court the constant duty to give to each child subject to its jurisdiction such oversight and control in the premises as will conduce to the welfare of such child and to the best interest of the State.

Moreover, it is provided by another section of the statute, G. S., 110-36, that any order or judgment made by the court in the case of any child shall be subject to such modification from time to time as the court may consider to be for the welfare of the child, except in certain case not pertinent here.

On the other hand, a proceeding for adoption is before the clerk of the Superior Court, G. S., 48-1. An order granting letters of adoption shall state whether it is for the minority or for the life of the child, and shall have the effect forthwith to establish the relationship of parent and child between the petitioner and the child. G. S., 48-6. And when a child is duly adopted pursuant to the provisions of the statute the adoptive parents shall not thereafter be deprived of any rights in the child at the instance of the natural parent, or otherwise, except in the fashion and for the same causes as are applicable in proceeding to ·deprive natural parents of their child. G. S., 48-14.

Thus it is seen that the result of a proceeding relating to the custody of the child may be for the minority of the child and may be modified from time to time, whereas that for adoption for life terminates the relationship between the natural parents and the child, and is permanent and continues for the life of the child. They are entirely separate and distinct proceedings—the judgment in the one being subject to modification, and in the other, final.

Bearing in mind these principles, what then did the Legislature intend by the wording in the statute, G. S., 48-10, that in all cases where the juvenile court has declared the parent unfit to have the care and custody of such child, such parent shall not be a necessary party to any proceeding for the adoption of the child, nor shall his or her consent to the adoption be required?

As we construe the language used, it was intended to apply in all cases where a juvenile court (in this case the Domestic Relations Court) has made final, absolute and unconditional determination of the unfitness of the parent to have the care and custody of the child.

When so considered and applied the language used in the several orders of the judge of the Domestic Relations Court and the reservation by it of jurisdiction of the child and of the parties to the proceeding "for

further orders as the continued welfare of said child and changing conditions may require," set forth in order of 31 May, 1943, approved by judge of Superior Court, do not constitute a final and conclusive adjudication of the unfitness of the parent. Indeed, the original order has been modified to the extent of finding that the home offered by the mother is "physically sufficient and proper" and of giving her partial custody of the child. No question becomes *res judicata* until it is settled by a final judgment.

Hence, the judgment below will be vacated, and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.