IN RE CUSTODY OF AUGUSTUS REYNOLDS MORRIS.

(Filed 7 March, 1945.) ·

**1. Appeal and Error §§ 3a, 6g—**

A party litigant, who has or asserts no right or interest in the subject matter of the action, divests himself of the right to appeal.

**2. Appeal and Error § 4: Assistance, Writ of, § 4: Contempt of Court § 2b—**

An appellate court will not hear and decide a moot question, or one which has become such. G. S., 1-277. This does not mean, however, that the trial court should withhold available punitive measures for willful failure to comply with its appropriate decrees.

**3. Infants § 1: Habeas Corpus § 3: Constitutional Law § 23—**

The Superior Court, in a proper proceeding, having awarded the custody of a minor to an uncle and aunt and thereafter, because of the changed legal status of the parties, modified its former order and given the custody of the child to the mother, on application of the mother for a writ of assistance and show cause order against the uncle and aunt for failure to surrender the child, a judgment on *habeas corpus* by a court of another state, to which the child had been taken by the uncle and aunt, awarded custody to the father, is not entitled to full faith and credit here, the record disclosing that jurisdictional facts were misrepresented and suppressed in that proceeding.

**4. Infants § 1: Habeas Corpus § 3—**

A custodian's first duty is to the court of his appointment, and the Superior Court, having awarded exclusive custody of a minor to one of the parties litigant, thereby assumes the obligation to see that its confidence is not abused, and the court is justified in proceeding to that end with an inquiry *ex mero motu* or at the instance of an interested party.

**5. Infants § 1: Clerks of Superior Courts § 7—**

The duty shall be constant upon the court to give each child, subject to its jurisdiction, such oversight and control as will conduce to the welfare of the child and to the best interests of the State. G. S., 110-21.

APPEAL by respondents, William Tazewell Morris and Evelyn Bailey Morris, from *Pless, J.,* at Chambers in Asheville, 21 December, 1944, and application by petitioner, Edith Muhler, for *certiorari* to bring up record of supplemental proceeding before *Rousseau, J.,* at January Term, 1945, of BUNCOMBE.

Petition in custody proceeding for appropriate order in respect of the custody of Augustus Reynolds Morris, 10-year-old son of petitioner, Mrs. Edith Muhler, and her former husband, Ben W. Morris.

The matter was heard by Judge Pless in Asheville on 21 December, 1944, and resulted in an order awarding the custody of the child to the petitioner. By a prior order entered in the cause by the judge of the Superior Court of Buncombe County, on 16 May, 1944, the exclusive custody of the child had been given to the respondents, W. T. Morris and his wife, upon the showing that, in another proceeding, they had adopted the child for life. This adoption order was vacated on appeal, *In re Morris*, 224 N. C., 487, and hence the petition herein.

On 27 December, 1944, the respondents entered formal notice of appeal from the order rendered by Judge Pless and filed specific exceptions thereto, but without obtaining stay of execution or *supersedeas*. *Clegg v. Clegg*, 186 N. C., 28, 118 S. E., 824.

Thereafter, on 16 January, 1945, the petitioner appealed to Judge Rousseau, then holding the courts of the Nineteenth Judicial District, for a writ of assistance, which was returned by the sheriff of Buncombe County, "Served 1-17-45 by reading the foregoing order and delivering copies of the same, together with copies of the writ, to Wm. T. Morris and Evelyn Morris. Due search made and Augustus Reynolds Morris not found in Buncombe County."

Motion was then made before Judge Rousseau, under G. S., 1-302, for an order requiring the respondents to show cause why they should not be punished as for contempt.

On the hearing of this show-cause order, the respondents set up that, while they were in Florida with the child in question, vacationing as was their custom, the father of said child, Ben W. Morris, on 8 January, 1945, took him from them by writ of *habeas corpus* issued out of the Circuit Court of Dade County, Florida; that neither of the respondents knew of the contents of either of the petitions filed before Judge Pless or the order made by Judge Pless "until they were served on him (W. T. Morris) about January 17, 1945," and that the respondents are "wholly unable and powerless to produce the said Augustus Reynolds Morris into court or into the custody of Edith Muhler."

A certified copy of the *habeas corpus* proceeding in Florida was offered in evidence. It shows allegation and admission to the effect that Augustus Reynolds Morris was then in Miami, Dade County, Florida, "where the said child is now living and is in the custody, care and control of the said brother (William T. Morris), the respondent herein." The answer filed by the respondent therein also contains averment to the effect that "because of the long period of time that Augustus Reynolds Morris has been in the voluntary possession, custody and control of the respond-

ent . . . it is the belief of the respondent that he and his wife could do more for said child than anyone else."

In his oral testimony before Judge Rousseau the respondent, William T. Morris, stated that he did not know where the child was and had no information concerning his present whereabouts. "Q. And you haven't made any inquiry to find where he was or made any attempt to comply with Judge Rousseau's order? A. I could not comply. . . . Q. Answer by telling what you have done to bring that child into court. A. I haven't done anything. I want to explain. I could not bring him into court when I didn't have possession. . . . Q. Have you inquired how Gus is getting along? A. No, I've been busy."

By judgment entered on 24 January, 1945, the respondents were adjudged "not guilty of contempt." Petitioner craved an appeal, which was denied. Cf. Scarborough's case, 139 N. C., 423, 51 S. E., 931. Whereupon application for certiorari to bring up record of the supplemental proceeding was made to this Court, and was allowed as supplementary to the record in respondents' appeal. In re Adams, 218 N. C., 379, 11 S. E. (2d), 163.

*E. L. Loftin and Smathers & Meekins for petitioner, appellee.*
*Williams & Cocke for respondents, appellants.*

STACY, C. J. The subject matter of this proceeding is the custody of a ten-year-old child, Augustus Reynolds Morris. Since entering an appeal from the order of Judge Pless on 27 December, 1944, the respondents have made it appear that they no longer have the custody of said child, and apparently they have lost interest in the matter. It is only in their custodial capacity or in the assertion of some claim to custody that they are entitled to appeal from the order, and as they have been divested or have divested themselves of this capacity and position, they consequently have forfeited their right to question the judgment. 2 Am. Jur., 960. Nor are they seeking by their appeal to regain custody of the subject child or to assert any claim in respect thereof. The respondents challenge the jurisdiction of the court in the premises—the same jurisdiction which they invoked on 16 May, 1944, and obtained an order giving them the exclusive custody of "little Gus," as he is called in the record. It is this order which the petitioner asked Judge Pless to modify and which he did modify on 21 December, 1944, because of the changed legal status of the parties. In re Gibson, 222 N. C., 350, 23 S. E. (2d), 50; McIntyre v. McIntyre, 211 N. C., 698, 191 S. E., 507.

It is not after the manner of appellate courts to hear and decide what may prove to be only a moot case, Smith v. United States, 94 U. S., 97, or to review a judgment at the instance of appellants who represent that

compliance will be forthcoming only in the event of a favorable decision. *S. v. DeVane,* 166 N. C., 281, 81 S. E., 293. They usually make short shift of an appeal by one who has or asserts no right in the subject matter of the litigation. G. S., 1-277.

This does not mean, however, that the trial court should withhold available punitive measures for willful failure to comply with its appropriate decrees. The learned judge who heard the contempt proceeding evidently thought the judgment of the Florida court on *habeas corpus* should be given full faith and credit here. The conclusion is a *non sequitur. In re Alderman,* 157 N. C., 507, 73 S. E., 126; *S. v. Williams,* 224 N. C., 183, 29 S. E., (2d), 744; *Marchman v. Marchman* (Ga., 5 January, 1945), 32 S. E., (2d), 790. The record discloses that jurisdictional facts were misrepresented and suppressed in that proceeding. A custodian's first duty is to the court of his appointment. Anno. 70 A. L. R., 526. Moreover, the Superior Court of Buncombe County, having reposed confidence in the respondents by committing the exclusive custody of the child in question to their care, thereby assumed the obligation to see that its confidence was not abused. *Hersey v. Hersey,* 271 Mass., 545, 171 N. E., 815, 70 A. L. R., 518. Even without the order of Judge Pless, on the facts subsequently appearing, the court would have been justified in proceeding with an inquiry *ex mero motu* or at the instance of an interested party. *In re Morris,* 224 N. C., 487. "The duty shall be constant upon the court to give each child subject to its jurisdiction such oversight and control in the premises as will conduce to the welfare of such child and to the best interest of the State." G. S., 110-21; 27 Am. Jur., 827-831.

The respondents contend that at the time of the hearing in Florida on 8 January, 1945, they were not aware of the contents of the order signed by Judge Pless on 21 December, 1944, and yet the record shows that they entered an appeal from this order and filed specific exceptions thereto on 27 December, 1944. But however this may be, whether fully advised of the provisions of the order or not, they knew from whence came their custody of the child and their duty in the premises. 31 C. J., 988 and 990.

It further appears that the respondents have made no attempt to comply with the order of Judge Pless or with the writ of assistance issued by Judge Rousseau. The decision in *Scarborough's case,* 139 N. C., 423, 51 S. E., 931, cited as *contra,* rests upon a different state of facts.

The judgment in the supplemental proceeding will be vacated, and the matter remanded for further action therein. The appeal of the respondents must be dismissed.

Appeal dismissed.

Supplemental judgment vacated.