STATE v. GEORGE CODY, et al.

*Practice—Amendment of Indictment—Special Venire—*
*Escape of Prisoner Pending Appeal — Dismissal of*
*Appeal.*

1. Where a prisoner convicted of a capital felony escapes from custody and is at large when his appeal is called for hearing, this Court may, in its discretion either dismiss the appeal, or hear and determine the assignments of error or continue the case.

2. It is not error in the trial judge when ordering a special *venire* to direct the sheriff to summon only freeholders who have paid their taxes for the preceding year, who had not served on the jury within the last two years, who had no suits pending and at issue in the court, and who were not under indictment in the court.

INDICTMENT for burglary, tried before *Boykin*, *J.*, at Fall Term, 1894, of MADISON Superior Court. The defendants were convicted and appealed. Before the appeal was called for trial they had escaped from custody and were at large. The case was continued from term to term and they are still at large.

*Attorney General*, for the State.
*Mr. J. M. Gudger*, for defendants (appellants).

CLARK, J. : In *State* v. *Anderson*, 111 N. C., 689 it is held, approving *State* v. *Jacobs*, 109 N. C., 772, that " where a prisoner who had been convicted of a capital felony escapes from custody and is at large when his appeal is called for trial, this Court may in the exercise of a sound discretion dismiss the appeal, or hear and determine the assignments of error, or continue the case," and in that case the appeal was dismissed. In the present instance, we have heretofore pursued the latter of the three courses indicated, having continued the cause till this the fifth term. The prisoners not yet having returned after the

STATE *v.* CODY.

lapse of more than two years' indulgence, we now adopt the first course and dismiss the appeal.    Besides, upon looking into the record we find there were only two assignments of error, neither of which is a valid objection.    The first is that when the court ordered a special *venire*, the judge directed the sheriff " to summons, as far as possible, only freeholders, men who had paid their taxes for the preceding year, who had not served on the jury within the last two years, who had no suits pending and at issue in the court, and who were not under indictment in the court." The order was unobjectionable, for the classes named were subject to challenge for cause, and the *venire* as far as possible should consist of men qualified to serve.    To encumber the *venire* with those thus specified would simply restrict the number of *legales homines* from whom the jury was to be taken.    The very object of a special venire is to get a body of men less liable to these and other causes of challenge, than would be *tales* jurors picked up in the court room.

At the instance of the defendants and with their consent in open court, acting under the advice of their counsel, an amendment was made in the indictment.    They subsequently pleaded to the indictment and went to trial without objection, till after verdict.    This action is binding on them, and it would be a fraud on the court if it was not. *McCorkle* v. *The State*, 14 Ind., 39 ; *Shiff* v. *The State*, 84 Ala., 454.    We would not, however, be understood as calling in question the decisions which deny the right of the court, either of itself, or on motion of the solicitor (*State* v. *Sexton*, 10 N. C., 184) to make amendments, except in certain cases, and then only as to matters of form and not of substance.    1 Chitty Cr. Law, 292 ; *Cain* v. *State*, 4 Black, (Ind.,) 512 ; *Hawthorn* v. *State*, 56 Md., 530.

                                        Appeal Dismissed.