STATE v. HAWS KEEBLER and V. SCOTT.

(Filed 11 December, 1907).

**Appeal and Error—Abandonment—Fleeing Jurisdiction—Motion to Dismiss.**

Upon appeal, the trial and judgment in the court below is presumed to be correct. When the defendant in a criminal action appeals to the Supreme Court, but, pending appeal, breaks jail and flees the jurisdiction of the Court, this is an abandonment of the appeal; and, upon motion of the Attorney-General, the appeal will be dismissed, or case continued, or judgment affirmed, in the discretion of the Court.

WALKER and CONNOR, JJ., dissenting.

CRIMINAL ACTION, tried before *Peebles, J.,* and a jury, at September Term, 1907, of the Superior Court of McDOWELL County.

From conviction and judgment defendants appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General Clement* for the State.
*J. L. C. Bird* for defendants.

CLARK, C. J. When this case was called the counsel of record for the defendants stated that his clients, who had been convicted of larceny, had broken jail and were beyond the process of the Court. This admission was entered on our records; and the Assistant Attorney-General, in behalf of the State, has filed his motion to dismiss the appeal, upon the authority of *State v. Jacobs,* 107 N. C., 772, and *State v. Anderson,* 111 N. C., 689.

In *State v. Jacobs, supra,* which was a conviction for murder, the Court held (*Avery, J.*) that, "where one convicted of a crime appeals from the judgment and escapes, the appellate court may, in its discretion, proceed with the hearing or dismiss the appeal, or continue, and either of these judgments will be valid, though the defendant may not be in custody or not represented by counsel." *Avery, J.,* quotes a wealth of

STATE *v.* KEEBLER.

authority holding that, if, when the case is regularly reached for hearing on appeal, the defendant "has escaped and is not in actual custody, it is clearly within the sound discretion of the Court to determine whether the exceptions shall be argued and passed upon, the appeal dismissed or the hearing postponed to await the recapture of the alleged offender (*Smith v. United States,* 94 U. S., 97; *Bonehan v. Nebraska,* 125 U. S., 692; *Leftwich's case,* 20 Gratt., 722; *Sherman v. Commissioners,* 14 Gratt., 677; *McGowan v. People,* 104 Ill., 100; *Wilson v. Commissioners,* 10 Bush., 522; *State v. Sites,* 20 W. Va., 16)," and further says that the general, if not universal, rule is that, when a defendant has absconded and thus put himself in contempt of Court, to refuse to dispose of his appeal or to make any order in it, at his instance or for his benefit, but on the motion of the prosecuting officer the case will be continued, dismissed or heard, citing *Anson's case,* 31 Mo., 592; *Commonwealth v. Andrews,* 97 Mass., 544; *People v. Genet,* 59 N. Y., 81; *Warwick v. State,* 72 Ala., 486.

*Judge Avery (supra,* at p. 775) also quotes *Waite, C. J.,* in *Smith v. United States,* 94 U. S., 97, as follows: "It is clearly within our discretion to refuse to hear a criminal case in error unless the convicted party suing out the writ is where he can be made to respond to any judgment we may render. * * * If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear, or not, as he may consider most for his interest." No court will ordinarily decide a moot point, a mere abstraction; and to cumber the docket by continuing the case would ordinarily be useless, leading merely to a dismissal of the appeal at some future term, as in *State v. Cody,* 119 N. C., 908.

The opinion in *State v. Jacobs, supra,* further says: "The courts of Georgia, Indiana and Kentucky also concur in the holding that it is the proper practice to dismiss, on motion of the prosecution, an appeal by one charged with felony, when

145—36

it is made to appear satisfactorily that he has escaped custody pending the appeal and is still at large.    *Madden v. State,* 70 Geo., 383; *Sargeant v. State,* 96 Ind., 63; *Wilson v. Commissioners,* 10 Bush., 522."

In *State v. Anderson,* 111 N. C., 689, which was also a conviction for murder, the Court quoted *State v. Jacobs,* 107 N. C., 772, and, "on motion of the Attorney-General," dismissed the appeal.    In *State v. Cody,* 119 N. C., 908 (conviction, for burglary, of three men), the appeal was also dismissed, on authority of *State v. Jacobs* and *State v. Anderson.* All three cases were cited and approved in *State v. Dixon,* 131 N. C., 813, where it is said: "One who thus dismisses himself abandons his appeal and has no ground to invoke a review of the trial by the appellate court."    That also was a conviction of murder, but, there being doubt whether the prisoner had escaped, the Court considered the exceptions and, finding no error, affirmed the judgment below.

The trial and judgment below are presumed to be correct. If not reviewed by an appeal, this presumption is conclusive. In England there has never been any appeal in criminal cases. In many States of the Union there is no appeal in such cases, unless upon certificate of probable error by the Judge.    In this State an appeal is a right, but not an absolute right.    If the appeal bond is not given, or the proper certificate in lieu thereof, the appeal is dismissed.    *State v. Bramble,* 121 N. C., 603, and cases cited.    Likewise for failure to print the record (unless a pauper appeal).    For a stronger reason, apart from our precedents, an appeal should be dismissed when the prisoner himself abandons it by breaking jail and fleeing the jurisdiction of the Court.

We will not look into the record or review the exceptions, but, on motion of the Attorney-General, will dismiss the appeal.    We will not deal with a defendant who is in the woods.

Appeal Dismissed.

WALKER and CONNOR, JJ., dissent.