STATE v. HEDRICK DeVANE.

(Filed 1 April, 1914.)

Appeal and Error — Homicide — Escape — Filing Brief — Rules of Court.

When an appellant escapes pending his appeal to this Court, the Court in its discretion will either dismiss the appeal or affirm the judgment or continue the case. It can make no difference that the appellant is convicted of a capital felony. That entitles him to no special privileges.

APPEAL by defendant from *Allen, J.,* at October Term, 1913, of SAMPSON.

*Attorney-General Bickett and Assistant Attorney-General Calvert· for the State.*
*No counsel for the defendant.*

CLARK, C. J. This is a conviction for murder in the first degree. When the case was called for argument, counsel who had formerly represented the prisoner stated that his client had escaped jail, and that he would not file any brief for him.

This case stands on the same basis as any other. The fact that the prisoner has been found guilty of a capital offense gives him no special privilege or claim to consideration over any other litigant. The presumption of law is that the trial below was correct. No appellant is entitled to have his case reviewed except by following the method prescribed by law and the rules of the Court. If this appellant had not entered his appeal within ten days, or if he had not filed his bond or obtained leave to appeal *in forma pauperis,* or if he had not docketed his transcript in due time, or by his *laches* had failed to have the case settled by the judge: in any of these cases the appeal would be dismissed or other appropriate action taken, as in all other cases. The fact that he has withdrawn himself from the jurisdiction of the court by flight puts him in no better condition.

In *S. v. Jacobs,* 107 N. C., 772, the appellant had been convicted of murder in the first degree. When the case was called,

he had escaped, but that did not appear, and the court affirmed
the judgment. After his recapture, his counsel moved the Court
to take up the record and to consider the exceptions. This the
Court refused to do, with a very full discussion by *Avery, J.,*
of the authorities. It was held that the principle that "persons
charged with crime have the right to be present at their trial,
to be informed of the accusation against them, to confront their
accusers, and to have the aid of counsel, is guaranteed by the
Constitution, which right cannot be waived in capital cases, ex-
tends only to the court which tries the facts, where the accused
is presumed, on account of his peculiar knowledge, to be able
to conduct, or assist in the conduct of, his defense. It does not
prevail in the appellate court, which has jurisdiction only to.
review alleged errors of law on the trial below. Hence, when
one who has been convicted appeals, and afterwards escapes,
this Court may, in its discretion, proceed with the hearing of
the exceptions, dismiss the appeal or retain the cause on the
docket to await the possible but not probable return of the fugi-
tive, and that any judgment it may pronounce will be valid, for
it is not required that the appellants should be present in the
appellate court." That case has been repeatedly affirmed since,
see Anno. Ed.

In *S. v. Anderson,* 111 N. C., 689, which was also a convic-
tion for murder in the first degree, the Court again affirmed the
doctrine that the prisoner having made his escape, this Court, in
its discretion, will either dismiss the appeal or hear it or con-
tinue it, and upon motion of the Attorney-General, the appeal
was dismissed.

In *S. v. Cody,* 119 N. C., 908, which was another conviction
for a capital felony and an escape, the Court reaffirmed the
above ruling, and dismissed the appeal.

In *S. v. Dixon,* 131 N. C., 808, which was another conviction
for murder in the first degree, the Court reaffirmed the above
authorities and affirmed the judgment, saying: "One who thus
dismisses himself abandons his appeal and has no ground to in-
voke a review of the trial by the appellate court."

STATE *v.* DeVANE.

In *S. v. Moses,* 149 N. C., 581, the Court said: "It appearing that the defendant has broken jail and is still at large, the appeal is dismissed. *S. v. Jacobs,* 107 N. C., 772; *S. v. Keebler,* 145 N. C., 560." In *S. v. Keebler,* 145 N. C., 560, the Court dismissed the appeal, saying: "We will not deal with a defendant who is in the woods."

In *S. v. Jacobs,* 107 N. C., 772, *Avery, J.,* among many other cases, quoted from *Waite, C. J.,* in *Smith v. United States,* 94 U. S., 97, as follows: "It is clearly within our discretion to refuse to hear a criminal case in error unless the convicted party suing out the writ is where he can be made to respond to any judgment we may render. . . . If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear, or not, as he may consider most for his interest."

In *S. v. Keebler, supra,* the Court said: "No court will ordinarily decide a moot point, a mere abstraction; and to cumber the docket will ordinarily be useless, leading merely to a dismissal of the appeal at some future term, as in *S. v. Cody, supra.*" In both that case and in *S. v. Jacobs, supra,* there are numerous citations from other States showing that this is the general practice.

There are also numerous decisions showing that there is no distinction as to the procedure in this Court between appeals in criminal and in civil cases. In *S. v. Spivey,* 151 N. C., 676, it is said: "Exceptions appearing of record and not mentioned in the brief are deemed abandoned on appeal in criminal as well as in civil actions." In *S. v. Bramble,* 121 N. C., 603, the Court cites numerous cases in which appeals in criminal actions had been dismissed for a defect in the affidavit to appeal *in forma pauperis,* and reaffirmed the doctrine, which has been acted upon uniformly before and since, in *S. v. Atkinson,* 141 N. C., 735; *S. v. Smith,* 152 N. C., 842. In *S. v. Councill,* 129 N. C., 511, the Court held: "A person convicted of a capital felony is not prejudiced by the fact that the Supreme Court renders a *per curiam* opinion affirming the conviction." This case has been cited and approved since, see Anno. Ed.

We have, however, carefully reviewed the exceptions on the trial below, and find no error that was prejudicial to the prisoner. He was evidently well informed as to the merits of his case, and did not care to abide the action of this Court. The judgment is

Affirmed.