## *Ex parte* ROBERT DAVIS.

No. A-2347.   Opinion Filed March 19, 1915.

(146 Pac. 1085.)

**HABEAS CORPUS—Denial of Writ—Illegal Restraint.** The object of the writ of habeas corpus is to relieve the party detained from illegal restraint, and if this release is accomplished, and the party is not held in actual custody at the time of the hearing, there is nothing for the court to adjudicate or determine, and the writ will be denied.

(Syllabus by the Court.)

Application by Robert Davis for writ of *habeas corpus*. Writ denied.

*Jean P. Day* and *McAdams & Haskell,* for petitioner.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* Asst. Atty. Gen., and *Samuel W. Hayes,* for respondent.

DOYLE, P. J.   On behalf of Robert Davis, a duly verified petition for writ of *habeas corpus* was filed in this court and presented to the Presiding Judge, who refused the writ, but granted a rule to show cause why the writ should not issue, returnable on the 27th day of October, 1914, at which time the respondent, Warden Dick, filed answer. Later a stipulation was filed, and an agreed statement of facts, from which it appears that on the 30th day of September, A. D. 1914, and

for several days prior thereto and thereafter, the Governor of the state was absent, and the Lieutenant Governor, as acting Governor in the absence from the state of the Governor, granted to petitioner a full and unconditional pardon of the offense for which he was convicted and sentenced to serve a term of five years in the penitentiary by the district court of McIntosh county, and that while the Governor was present in the state on the 6th day of October, 1914, he issued an order recalling and revoking said pardon.

It was brought to the attention of the court that on the 10th day of December, 1914, the Governor granted a parole to the petitioner, and he was discharged thereon. The object of the writ of *habeas corpus* is to relieve the petitioner from illegal restraint or unlawful imprisonment, and if this release is accomplished, and the petitioner is not held in actual custody at the time of the hearing, there is nothing for the court to adjudicate.

For this reason the writ of *habeas corpus* will be denied.

FURMAN and ARMSTRONG, JJ., concur.