## STATE v. JERRY DALTON.

(Filed 21 February, 1923.)

**Appeal and Error — Docketing — Dismissal—Capital Felony—Escape—Criminal Law—Rules of Court.**

Upon the failure of appellant to docket his appeal in the Supreme Court from the conviction of a capital felony, within the time prescribed by the rule, it will be docketed and dismissed unless a motion is made for a *certiorari* at the next succeeding term, and sufficient cause shown for the failure to docket in time; and the fact that he had fled the State and remained absent until arrested and brought back entitles him to no special favor. It would be discretionary with the court to affirm the judgment or dismiss the appeal, or continue the case, if the appeal had been docketed within the time required by the rule.

APPEAL by defendant from *Bryson, J.,* at April Term, 1920, of MACON.

PER CURIAM. It appearing from an inspection of the record that the defendant Jerry Dalton was tried and convicted of murder in the first degree at the April Term, 1920, of the Superior Court of Macon, and from the judgment on such conviction appealed to this Court, but did not docket his appeal until 22 January, 1923, after six terms of this Court after such appeal was taken, on motion of the Attorney-General the appeal is docketed and dismissed.

The decisions of this Court have been uniform that on failure to docket the appeal in the time prescribed, it will be docketed and dismissed unless a motion is made for *certiorari* at the next succeeding term and sufficient cause shown for failure to do so.

This whole matter was discussed fully at last term with full citation of authorities in *Rose v. Rocky Mount,* 184 N. C., 609.

If the appellant had docketed his case in time and then escaped pending the appeal, the Court might either affirm judgment or dismiss the appeal or continue the case, in its discretion, and it would make no difference that the appellant was convicted of a capital felony. *S. v. Jacobs,* 107 N. C., 772, and *S. v. Devane,* 166 N. C., 281, in which the uniform decisions are cited and approved.

In this case the defendant not only shows no excuse for failure to docket, but admits that he had fled the jurisdiction of the State and remained absent until arrested and brought back. This certainly puts him in no better situation and entitles him to no special favor from the Court whose jurisdiction he evaded.

Appeal dismissed.