# DICK SAVAGE v. STATE.

No. A-10706.   Nov. 6, 1946.

(174 P..2d 272.)

John W. Tyrée, of Lawton, and Cruce, Satterfield & Franklin, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Ralph H. Cline, Co. Atty., of Lawton for defendant in error.

BAREFOOT, J.   The defendant, Dick Savage, was convicted in the county court of Comanche county of the crime of the unlawful possession of intoxicating liquor and sentenced to serve 60 days in the county jail, and to pay a fine of $100 and costs.

From the judgment rendered on October 5, 1945, an appeal was perfected by filing in this court, on December 20, 1945, a petition in error with case-made attached.

On May 24, 1946, the Attorney General filed herein a motion to dismiss the appeal, for the reason that after the judgment and sentence was pronounced against the defendant, he left the State of Oklahoma without permission of the court; that he was on or about February 1, 1946, arrested by Federal officers in Baltimore, Md., and charged in the United States District Court under the National Security and Property Act; that subsequent thereto and on or about March 1, 1946, a charge of forgery under the laws of the State of Missouri was filed against the defendant in Kansas City, Jackson county, Mo.; that defendant was delivered by the federal authorities to the State of Missouri, and that on May 16, 1946, the defendant entered a plea of guilty to the crime of forgery in the second degree, and was sentenced in Jackson county, Mo., to a term of two years in the Missouri State Prison. That defendant is now in the State Penitentiary of the State of Missouri, and beyond the jurisdiction of this court. That by reason of his absence from the state, he will be unable to respond to any order or judgment of the Criminal Court of Appeals, and prays that the appeal be dismissed. This motion was served on the attorney for defendant on May 23, 1946, and no response has been filed thereto.

This case was duly assigned for hearing on the motion to dismiss for October 19, 1946, but no appearance was made by counsel for defendant, although he had heretofore filed a brief on behalf of the defendant.

Title 22 O. S. 1941 § 1057 provides that if the crime for which defendant is convicted is bailable, an appeal bond may be made, and section 1058 sets out the conditions of

such bond, and that the judgment of conviction shall not be superseded except upon the conditions named therein. Therefore, where a supersedeas bond is given, it is strictly upon the condition that the plaintiff in error shall fully observe the conditions named in such bond; and where it is shown, as in this case, that the defendant, after perfecting his appeal, without permission or proper order of the court, left the jurisdiction of the court, he voluntarily violated one of the conditions of his supersedeas bond, and thereby waived the right given him to have the judgment of conviction superseded.

While there is no express provision of the statute of this state authorizing the dismissal on the grounds stated, yet, in the absence of a statute to the contrary, it has been held to be a matter within the discretion of the court whether, under the facts and circumstances, the appeal will be considered and determined. When the defendant left the state, he was in the attitude of a fugitive from justice. This court has often held that an appeal will not be considered when the plaintiff in error is a fugitive from justice, or is otherwise beyond the jurisdiction of the court and cannot be made to respond to any judgment or order which might be made in the case. When such state of facts is made to appear by proper motion and showing, the appeal will be dismissed. Exline v. State, 48 Okla. Cr. 181, 290 P. 349; Hayes v. State, 50 Okla. Cr. 178, 296 P. 988; Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. P. 2d 514; Kuykendall v. State, 82 Okla. Cr. 228, 168 P. 2d 142.

The motion of the state to dismiss the appeal herein is therefore sustained, and the appeal is dismissed.

JONES, P. J., concurs. DOYLE, J., not participating.