Ex parte JIM ANDERSON.

No. A-10797.   Sept. 10, 1947.
(184 P. 2d 632.)

Sid White, of Oklahoma City, for petitioner.

A. L. Jeffrey, Municipal Counselor and P. J. Demopolos, Asst. Municipal Counselor, both of Oklahoma City, for respondent.

JONES, J. This is an original action in habeas corpus by the petitioner, Jim Anderson, in which he seeks to secure his release from confinement in the city jail of Oklahoma City.

By this action the petitioner seeks to test the validity of a city ordinance of Oklahoma City making it unlawful to operate a travel bureau within the limits of Oklahoma City, and providing a penalty for its violation.

The petitioner was arrested and charged by complaint filed before the police court of Oklahoma City, with a violation of said Ordinance No. 5653.

A rule to show cause was issued and a response was filed by the Chief of Police of Oklahoma City, in which he alleged that the petitioner, Jim Anderson, had been lawfully arrested and charged with operating a travel bureau in violation of Ordinance No. 5653, of Oklahoma City, and had been committed to the city jail pending his trial upon said charge. A copy of the ordinance was attached to the response and made a part thereof.

A hearing was had before this court at which time testimony was introduced pertaining to the nature of the operation of the business conducted by the petitioner

which proof was given to show: First, that the petitioner in the operation of his business did not come within the provisions of the ordinance under which the charge was filed against him; and secondly, that if the petitioner's business was prohibited by the ordinance that said ordinance was unconstitutional for certain reasons set forth in the brief of the petitioner. At the close of the hearing, the case was taken under advisement for the purpose of preparing an opinion of this court on the issues involved.

Shortly thereafter, a motion to dismiss the action was filed by the respondent in which it is alleged:

"1.   That the petitioner, Jim Anderson, has been held in constructive custody by the Police Department of the City of Oklahoma City, having been charged with four offenses, in that he operated a Travel Bureau, contrary to the ordinances of the City of Oklahoma City. Respondent states that these causes, respectively, are Case No. 15695 filed November 6, 1946; Case No. 15638 filed November 5, 1946; Case No. 15763 filed November 7, 1946; and Case No. 15817 filed November 8, 1946, all in the Police Court of the City of Oklahoma City."

"2.   Respondent further states that on the 13th day of March 1947, all the above styled and numbered cases were dismissed in the Municipal Court of Oklahoma City, and no charge is now pending against petitioner."

"3.   Respondent further states that by reason of such dismissal this Court has no jurisdiction to try this matter of habeas corpus."

The counsel for petitioner have insisted that we proceed to determine the constitutional questions involved and alleges that the petitioner will continue to operate his business in the manner in which it has been conducted in the past and that a decision of this court is necessary

to prevent a further harassment of the petitioner in the operation of his business.

In view of the fact that the city has voluntarily dismissed the four actions filed against the petitioner, it is unlikely that any further prosecution will be begun against him, unless the petitioner changes the method of the operation of his business or a new ordinance is prepared which will avoid the alleged defects pointed out by counsel for the petitioner, but irrespective of that, this court has consistently followed the rule that where a petition for writ of habeas corpus is filed and it is subsequently shown that the petitioner is not restrained of his liberty, the action will be dismissed on the ground that the issues are moot. Ex parte Davis, 11 Okla. Cr. 403, 146 P. 1085; In re Whisenhunt, 75 Okla. Cr. 313, 131 P. 2d 134; Ex parte Bennett, 81 Okla. Cr. 224, 162 P. 2d 588.

In the case of In re Whisenhunt, supra [75 Okla. Cr. 313, 131 P. 2d 135], it is held:

"The object of the writ of habeas corpus being to relieve a person from illegal restraint, where it is shown that subsequent to the filing of a petition for a writ of habeas corpus petitioner is granted clemency by Governor and released from imprisonment, the petition will be dismissed."

In Ex parte Davis, supra, this court stated:

"The object of the writ of habeas corpus is to relieve the petitioner from illegal restraint or unlawful imprisonment, and if this release is accomplished, and the petitioner is not held in actual custody at the time of the hearing, there is nothing for the court to adjudicate."

In Ex parte Bennett, supra [81 Okla. Cr. 224, 162 P. 2d 589], it is said:

"The question herein involved is moot, because the defendant was released from custody prior to the hearing."

By reason of the fact that the actions filed against the petitioner in the police court of the city of Oklahoma City have been dismissed and the petitioner no longer charged with an offense nor restrained of his liberty, the questions raised in the petition are moot, and there is nothing for this court to adjudicate.

It is therefore ordered that this action be and the same is hereby dismissed.

BAREFOOT, P. J., and BRETT, J., concur.