In re Habeas Corpus of Rubin SHETSKY.

No. A–12172.

Criminal Court of Appeals of Oklahoma.
March 23, 1955.

Elmore A. Page, Tulsa, for petitioner.

J. Howard Edmondson, County Atty., Tulsa County, Tulsa, for respondent.

POWELL, Judge.

Petitioner Rubin Shetsky, through his attorney of record, filed in this court on February 22, 1955 petition verified by counsel in which it is represented that petitioner was restrained of his liberty by reason of circumstances as follows: That on or about April 20, 1954 when petitioner and one Frank Jones Ellsworth were arraigned in the court of common pleas of Tulsa County on two felony offenses, arising out of one circumstance, to-wit: burglary in the second degree, and assault with intent to kill, that at such time bond was set in the amount of $7,000 for each defendant, or $3,500 in each case; that following a preliminary hearing both defendants were bound over to the district court, and on June 30, 1954 petitioner herein personally entered his appearance for arraignment and the amount of his bond was not changed and that he duly executed a district court appearance bond to appear for trial for September 28, 1954; that on said date his case was passed to the next jury docket

and eventually Frank Jones Ellsworth requested and obtained a severance and after further delays, the case was set for trial for February 8, 1955, but on the 4th day of February, 1955 petitioner suffered a heart attack in Chicago but over the protest of his physician came to Tulsa on February 7, 1955 and came under the care of a physician and was unable to appear in the district court at Tulsa on February 8, 1955, and that Hon. Lee Johnson, district judge, passed said cause from day to day; and on February 17, 1955 requested petitioner's doctor to appear and show whether or not petitioner was physicially able for trial, and thereafter said case was re-set for trial for March 8, 1955, and the Ellsworth case was set for trial for March 9, 1955.

Petitioner particularly complains and bases his theory of restraint on the alleged action of the district judge, Hon. Lee Johnson, in advising petitioner's counsel that petitioner as soon as he would be able to be up and about to personally appear before him and that in·the meantime petitioner was not to remove himself from Tulsa County under penalty of having his bond forfeited. Other circumstances are alleged, and the prayer being that a writ of habeas corpus be issued and petitioner "Be discharged without delay from such unlawful restraint as ordered * * * on the 17th day of February, 1955, or if such relief be denied, that an order allowing and permitting petitioner his complete freedom under bail subject to his appearance in the district court of Tulsa County as may be directed by the court."

On February 28, 1955 the county attorney of Tulsa County filed a demurrer and response to the petition. There was filed in this court a transcript of the preliminary hearing and the medical testimony concerning petitioner's physical condition.

In response by the State it is recited that on February 19, 1955, after the order complained of was made, that Shetsky left the Hillcrest Memorial Hospital, and that on February 24, 1955 a petition was filed in the district court of Tulsa County for an increase in the amount of bail as to Shetsky to the amount of $10,000 in each case, but that the sheriff of Tulsa County had not been able to locate petitioner to serve the warrant, and that the physician who testified for petitioner had not treated nor seen him since February 22, 1955.

Oral argument was heard by this court on February 28, 1955.

 In that it was admitted by counsel for petitioner that petitioner was actually at large, but where, counsel could not say, it was the view of this court that the verbal order of the district court of Tulsa County of February 17, 1955 would not be considered and that the writ would be denied. Where a petitioner is not in actual custody at the time of hearing, there is nothing for the court to adjudicate or determine and the writ will be denied. Ex parte Davis, 11 Okl.Cr. 403, 146 P. 1085; Ex parte Anderson, 85 Okl.Cr. 41, 184 P.2d 632.

Thereupon, upon agreement of the parties, there came on for consideration the fixing of bond without restraints, and whether the bond should be increased, as ordered by the trial court, and the case was set for further hearing for March 2, 1955, the entire matter to be disposed of at said time.

 On March 2, 1955 counsel for petitioner and the county attorney of Tulsa County being present, it was stipulated that the petitioner Shetsky had appeared at the office of the Sheriff of Tulsa County and was then in custody.

The evidence at preliminary disclosed that at the time of petitioner's arrest on the charge of burglarly, second degree, and assault with intent to kill, that he and two other persons were discovered just prior to arrest in a certain Chrysler automobile in front of a store in Tulsa that had been burglarized, that the occupants engaged in a gun fight with officers, and when the Chrysler was finally stopped the petitioner got out of said car, which was loaded with $31,500 in furs that had been stolen from the store; where petitioner's car was first observed. Three pistols were found in the car. Both petitioner and his companions were non-residents of Oklahoma. The records disclose circumstances that indicate only a valid bond in a substantial sum

772

could be expected to cause the petitioner to appear for trial.

It is therefore the order of this court that the action of the district court of Tulsa County in increasing the bond of petitioner herein, wherein he is charged in the district court of Tulsa County with the crime of burglarly in the second degree, from $3,500 to $10,000, be and the same is approved; and that the action of the district court of Tulsa County in increasing the bond of petitioner herein wherein he is charged in the district court of Tulsa County with the crime of assault with intent to kill, from $3,500 to $10,000, be and the same is approved.

JONES, P. J., and BRETT, J., concur.