Rex ANGEL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13391.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1963.

Louie Gossett, Durant, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Chales L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Rex Angel was indicted by a Grand Jury on the 26th day of December, 1958; tried by a Jury who found him guilty of the included offense of Manslaughter in the First Degree and fixed his punishment at Four (4) Years in the Oklahoma State Penitentiary.

On the 23rd day of March, 1959, Judgment and Sentence was pronounced in accordance with the verdict of the Jury and

the defendant, through his attorney, gave notice of his intention to appeal. Supersedeas Bond was fixed in the amount of $4,000.00 and upon posting the same, Angel was released. During the pendency of the time within which an appeal could be lodged, Angel left the jurisdiction and was taken into custody by officers of the State of Missouri, where he was imprisoned. No appeal was ever perfected within the time allowed by law and upon Angels release from the Missouri penitentiary he was returned to the State of Oklahoma to commence serving the sentence imposed for the crime of Manslaughter in the First Degree.

Upon being returned to this jurisdiction, Angel filed an application for Habeas Corpus before the District Court in Bryan County, Oklahoma, alleging: (1) That he was deprived of his constitutional right to judicial review by reason of his attorney's failure to perfect an appeal within the six (6) months allowed by law, from the rendition of judgment and sentence, for which services said attorney had been paid the sum of $500.00, and (2) His constitutional right to a judicial review having been thus violated the judgment and sentence under which the State now seeks to confine him is null and void; and he is entitled to release from confinement.

Hearing was held on the 15th day of April, 1963, and evidence was offered on behalf of the applicant, Angel and the State. At the conclusion of the hearing, the relief prayed for was denied and the applicant was released upon posting bond, in the sum of $5,000.00.

Thereafter, on the 26th day of August, 1963, there was filed in this Court an instrument, accompanied by the record of the Habeas Corpus hearing conducted before the District Court of Bryan County, Oklahoma, and a transcript of the District Court Proceedings in Case No. 4470.

This matter was set for oral argument on the 9th day of October, 1963; neither the petitioner nor his attorneys appeared and this cause was submitted on the record and briefs of the parties, and on the Motion of the State to Dismiss.

From an examination of the record and transcript and a review of the facts therein contained, and after having reviewed the authorities cited in the briefs of the petitioner and respondent, we are of the opinion that the State's Motion to Dismiss should be sustained for the following reasons:

■ (1) The petitioner is not being confined at this time, nor restrained of his liberty, but has in fact, been released upon posting of a bond in the sum of $5,000.00. Under these circumstances we follow our established rule:

"* * * Where a petitioner is not in actual custody at the time of hearing, there is nothing for the court to adjudicate or determine and the writ will be denied." In re Shetsky, Okl. Cr., 281 P.2d 769; Ex parte Davis, 11 Okl.Cr. 403, 146 P. 1085; Ex parte Anderson, Okl.Cr.App., 184 P.2d 632.

■ There is yet another reason why the relief prayed for cannot be granted, for it clearly appears from the record that during the pendency of the time in which an appeal could have been perfected, Angel had absented himself from the jurisdiction of the State of Oklahoma and was in fact, in the custody of the State of Missouri; under these circumstances we have repeatedly held that:

"Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case; and where he leaves the state and is convicted of crime in another state, pending the determination of his appeal, this court will on proper motion dismiss the appeal." Mann v. State, 73 Okl.Cr. 245, 119 P.2d 878. See also: Sanford v. State, 75 Okl.Cr. 362, 131 P.2d 770

and Savage v. State, 83 Okl.Cr. 156, 174 P.2d 272.

■ Having thus determined that the Motion to Dismiss should be sustained, the other grounds upon which Angel now seeks release are not properly before the Court.

We observe, however, that it is abundantly clear from examination of the record that Angel's only purpose in employing counsel to represent him on appeal was for the purpose of delay.

Writ denied.

Attempted appeal dismissed.

NIX and JOHNSON, JJ., concur.