STATE v. ROBERT WILLIAMS.

(Filed 3 March, 1965.)

**1. Criminal Law § 31—**

Where it is common knowledge that a defendant in a case on appeal has fled this Country and gone to a communist country and there engaged in propaganda inimical to this Country, our courts will take judicial notice of such activity.

**2. Criminal Law § 139—**

Where it is a matter of common knowledge and admitted by defendant's counsel that defendant fled the Country between the time of judgment of the State court finding no error in his trial and receipt of mandate from the U. S. Supreme Court on *certiorari* remanding the cause for consideration in the light of applicable Federal decisions, the North Carolina Supreme Court, in its discretion, may order the case left off the docket until further direction to the contrary by the Court.

ON mandate from the Supreme Court of the United States, 378 U.S. 548, 12 L. Ed. 2d 1032 (22 June 1964). This mandate from the Supreme Court of the United States was docketed in the Supreme Court of North Carolina as Case No. 443, Fall Term 1964, and as Case No. 495, Spring Term 1965.

This was a criminal action tried at 10 May 1960 Regular Criminal Term of Union County *de novo* on appeal from the recorder's court of Union County on a warrant charging that defendant on 11 March 1960 in Union County "unlawfully and willfully, did enter and trespass upon the land and premises of Jones Drug Company, Inc., after having been forbidden to enter said premises and not having a license to enter said premises and did unlawfully refuse to leave upon request contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant entered a plea of Not Guilty. Verdict: Guilty of trespass as charged in the warrant. Judge Frank M. Armstrong presiding, in accord with the verdict, sentenced the defendant to a term of imprisonment for 30 days, which prison sentence by consent of the defendant in open court was suspended for a period of one year on the following conditions: (1) That he pay a fine of $10 and the costs of the action, and (2) that he remain of good behavior, not violate any laws of this State, and that in the event defendant violates the terms of this judgment, capias and commitment shall issue. From this judgment defendant appealed to the Supreme Court.

This Court found No Error in the trial. 253 N.C. 804, 117 S.E. 2d 824. This opinion was filed 20 January 1961.

Defendant applied to the Supreme Court of the United States for a writ of *certiorari,* which was allowed 22 June 1964, 378 U.S. 548, 12 L. Ed. 2d 1032. The *per curiam* opinion, which appears in 378 U.S. 548, 12 L. Ed. 2d 1032, reads as follows:

> "PER CURIAM. The petition for writ of *certiorari* is granted, the judgment vacated and the case remanded to the Supreme Court of North Carolina for consideration in light of *Robinson v. Florida,* ...... U.S. ......, 12 L. Ed. 2d 771, 84 S. Ct. ....., decided this date. Mr. Justice Douglas would reverse outright on the basis of the views expressed in his opinion in *Bell v. Maryland,* ...... U.S. ......, 12 L. Ed. 2d 867, 84 S. Ct. ......, decided this date.
>
> "Mr. Justice Black, Mr. Justice Harlan and Mr. Justice White dissent."

*T. W. Bruton, Attorney General, and Ralph Moody, Deputy Attorney General, for the State.*

*T. H. Wyche, W. B. Nivens, Conrad J. Lynn, and Leonard B. Boudin for defendant.*

PARKER, J. The Attorney General of North Carolina on 3 February 1965 filed in this Court a motion and supporting petition requesting the Court, as stated in the motion, to dismiss defendant's appeal for the reason that the said defendant, Robert Williams, "has fled the jurisdiction of the Courts of North Carolina and has sought refuge and asylum in Communist Cuba and has become a Communist propaganda agent for the Castro Government of Communist Cuba; that the said defendant Robert Williams, as set forth in the petition hereto annexed, is not entitled to any appeal or consideration by any of the Courts of North Carolina, including this Court," and requested that this motion be heard on 16 February 1965 by this Court. The Attorney General of North Carolina sent a copy of this motion and supporting petition to defendant's two North Carolina attorneys, T. H. Wyche and W. B. Nivens, who were defendant's attorneys of record when the case was heard on appeal by this Court at the Fall Term 1960, but did not send copies of these papers to Conrad J. Lynn of New York, N. Y., who was associated with Wyche and Nivens in the defense of defendant, and to Leonard B. Boudin of New York, N. Y., who was an attorney of record for defendant in the United States Supreme Court. Wyche and Nivens forwarded to Lynn the papers forwarded to them by the Attorney General, and he in turn notified Boudin of these papers.

The petition attached to the motion was verified by Ralph Moody, Deputy Attorney General of North Carolina. The pertinent parts of this verified petition are as follows:

"(3) On information and belief: That the defendant Robert Williams on or about Sunday, August 27, 1961, became involved in an incident at Monroe, North Carolina, whereby the said defendant Robert Williams, and his fellow confederates and conspirators, May Mallory, Richard Crowder, Harold Reep, John Cyril Lowry, and many others, kidnaped and held prisoners and as hostages G. Bruce Stegall and his wife Mabel W. Stegall; all of which is shown in a record on file in the Office of the Clerk of the Supreme Court of North Carolina, the same being No. 438, Fall Term, 1964 and entitled STATE OF NORTH CAROLINA V. MAY MALLORY, RICHARD CROWDER, ET ALS; that as shown in the deposition of Robert Williams on page 317 of the above cited record the said Robert Williams fled the jurisdiction of this Court on August 27, 1961, after holding the Stegalls as hostages, and after attempting over the telephone to secure the release of certain colored persons in the Union County jail through the instrumentality of hostages.

"(4) On information and belief: That the said defendant Robert Williams fled to the Nation or Country which is now known as 'Communist Cuba,' which is a nation now governed by a dictator by the name of 'Castro,' who is a mere agent and puppet of the Soviet Government and who granted asylum to the defendant Robert Williams; that the said defendant Robert Williams is now a fugitive from justice and has fled the jurisdiction of the Courts of North Carolina, as well as this Court, and is now a propaganda agent for the Communist dictator Castro; that the said defendant Robert Williams has been monitored in the State of Florida in giving propaganda broadcasts for Communist Cuba, both over radio and television; that the said defendant Robert Williams has also caused propaganda tracts or pamphlets to be circulated in the United States, urging the colored people to engage in guerilla warfare against white persons, and also giving directions for the manufacture of Molotov Cocktails, bombs and other explosives commonly used by guerillas; that the petitioners request this Court to take judicial notice of any information in the files of the State Bureau of Investigation, as well as the files of the Federal Bureau of Investigation, relating to the defendant Robert Williams; that this Court has the power and authority to dismiss said appeal as shown by previous decisions of this Court (STATE V. JACOBS, 107 N.C. 772; STATE V. DEVANE, 166 N.C. 281;

> STATE v. DALTON, 185 N.C. 606; SAVAGE v. STATE, 174 P. 2d 272 —
> Okla.) ; that it is not a denial of any federal constitutional rights
> for a state court to dismiss appellate process because the accused
> has become a fugitive from justice (ALLEN v. GEORGIA, 166 U.S.
> 138, 41 L. Ed. 949, 17 S. Ct. 525; SMITH v. UNITED STATES, 94
> U.S. 97, 24 L. Ed. 32)."

On 9 February 1965 Conrad J. Lynn, counsel for defendant, filed a verified answer to the Attorney General's petition, in which he does not deny that defendant Robert Williams has fled to Cuba, and is now a propaganda agent for the Communist dictator Castro, and is engaged in the activities in Cuba set forth in the Attorney General's verified petition to dismiss. Lynn's verified answer to the petition states: Defendant, "an angry, black man, fled to Cuba and proclaims to all and sundry his hatred of the system of segregation prevalent in the southern states, including North Carolina." Leonard B. Boudin filed a verified answer to the Attorney General's petition to dismiss, but he does not deny that defendant Williams is a fugitive from justice in Cuba and is engaged in the activities there set forth in the verified petition of the Attorney General.

As we understand the majority *per curiam* opinion of the United States Supreme Court, it vacates the judgment of this Court finding No Error in defendant's trial at the 10 May 1960 Regular Criminal Term of Union County, and remands the case to us for consideration in the light of *Robinson v. Florida*, ...... U.S. ......, 12 L. Ed. 2d 771.

In the verified answer of Conrad J. Lynn, attorney of record for defendant, in reply to the Attorney General's motion to dismiss defendant's appeal, it is stated defendant "has fled to Cuba," and consequently he is beyond the jurisdiction of the courts of North Carolina. A deposition of defendant Williams read in evidence for defendant in the trial of *S. v. Lowry* and *S. v. Mallory*, 263 N.C. 536, 139 S.E. 870, states in part, "* * * I left the country * * *."

The verified answers of defendant's counsel Conrad J. Lynn and of Leonard B. Boudin do not controvert the allegations in the Attorney General's verified petition that, on information and belief, defendant is in Cuba and is engaged in certain activities there, which are not conducive to the peace, tranquility and welfare of the people of this State and Nation.

It is a fact generally known from the radio, television, and the press that defendant Williams is in Cuba and is engaged in spreading propaganda there to the United States by radio, television and public statements that, to say the least, is not to the best interests of this State and Nation. We take judicial notice of such activity by him "for justice

does not require that courts profess to be more ignorant than the rest of mankind." *S. v. Vick*, 213 N.C. 235, 195 S.E. 779.

In *S. v. Jacobs*, 107 N.C. 772, 11 S.E. 962, the Court stated: "In appellate courts, where questions of law only can be reviewed, and in the absence of any statute specifically regulating the procedure, if there be satisfactory evidence that a defendant, whose appeal is founded upon exceptions entered on the trial below and has been regularly called for hearing, has escaped and is not in actual or constructive custody, it is clearly within the sound discretion of the Court to determine whether the exceptions shall be argued and passed upon, the appeal dismissed, or the hearing postponed to await the recapture of the alleged defendant. [Citing numerous authorities.] In the exercise of this power, the courts of the different States have not adopted uniform rules of practice, even where there are no statutory or constitutional provisions regulating the mode of procedure. But while the general, if not universal, rule has been to refuse a motion of a defendant who had absconded and put himself in contempt of court, to dispose of his appeal or make any order affecting it *at his instance or for his benefit,* the courts of the different States have as a general rule where there was no express statutory requirement in reference to it, and where the prosecuting officer was a moving party, continued, dismissed or heard the appeal according to the circumstances of the case or the early precedents of the particular court."

In *S. v. Anderson*, 111 N.C. 689, 16 S.E. 316, which was a conviction for murder, the Court again affirmed the doctrine that the prisoner having made his escape pending his appeal to the Supreme Court, this Court, in the exercise of its sound discretion, may either dismiss the appeal or hear and determine the assignments of error or continue to await the recapture of the fugitive, and, upon motion of the Attorney General, this Court in its discretion dismissed the appeal.

In *S. v. Cody*, 119 N.C. 908, 26 S.E. 252, the defendants were convicted of burglary, sentenced, and appealed to the Supreme Court. Before the appeal was called for argument, they had escaped from custody and were at large. The case was continued from term to term, and they were still at large. The Court, after quoting the rule set forth in *S. v. Anderson, supra,* said: "In the present instance we have heretofore pursued the latter of the three courses indicated, having continued the cause till this the fifth term. The prisoners not yet having returned after the lapse of more than two years indulgence, we now adopt the first course and dismiss the appeal. Besides, upon looking into the record, we find there were only two assignments of error, neither of which is a valid objection."

In *S. v. Dixon,* 131 N.C. 808, 42 S.E. 944, which was a conviction for murder in the first degree, this Court reaffirmed the law stated in the *Jacobs, Cody,* and *Anderson* cases, and affirmed the judgment, saying: "One who thus dismisses himself abandons his appeal and has no ground to invoke a review of the trial by the appellate court."

In *S. v. Keebler,* 145 N.C. 560, 59 S.E. 872, when the case was called for argument in the Supreme Court, counsel of record for the defendants states that his clients, who had been convicted of larceny, had broken jail and were beyond the process of the Court. The Court, upon motion of the Attorney General, dismissed the appeal, saying: "We will not deal with a defendant who is in the woods." In *S. v. Moses,* 149 N.C. 581, 63 S.E. 68, the Court said: "It appearing that defendant has broken jail and is still at large, the appeal is dismissed."

In *S. v. DeVane,* 166 N.C. 281, 81 S.E. 293 the Court held that when an appellant escapes pending his appeal to the Supreme Court, the Court in its discretion will either dismiss the appeal or affirm the judgment or continue the case. In this case, pending the appeal, the defendant fled the jurisdiction of the Court. The Court affirmed the trial below after stating it had carefully reviewed the exceptions on the trial below and found no error that was prejudicial to the prisoner.

In *S. v. Dalton,* 185 N.C. 606, 115 S.E. 881, the Court reaffirmed the law stated in the above cited cases that when a prisoner escapes pending his appeal, this Court, in the exercise of its discretion, can either affirm the judgment or dismiss the appeal or continue the case. In this case the defendant had not docketed his appeal from a judgment upon his conviction of a capital felony in apt time, and had fled the jurisdiction of the State and remained absent until arrested and brought back. His appeal was dismissed.

In *Smith v. United States,* 94 U.S. 97, 24 L. Ed. 32, Chief Justice Waite said for a unanimous Court:

"It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case."

In *Bonahan v. Nebraska,* 125 U.S. 692, 31 L. Ed. 854 (in the L. Ed. the name of plaintiff in error is erroneously given as Bohanan), the plaintiff in error was convicted of murder in a State court, which conviction was affirmed by the Supreme Court of Nebraska, and by a writ of error the cause was removed to the Supreme Court of the United States. During the pendency of the writ, plaintiff in error escaped and was not within the control of the court below. The Court states: "* * * it is ordered that the submission of the case be set aside; and that, unless the plaintiff in error is brought or comes within the jurisdiction and under the control of the court below, on or before the last day of this term, the cause be thereafter left off the docket until directions to the contrary."

In *Eisler v. United States,* 338 U.S. 189, 93 L. Ed. 1897, petitioner was convicted for contempt of Congress, fled the United States after the Supreme Court had granted his petition for writ of *certiorari,* and after his cause had been submitted on the merits. A majority of the Court· in a *per curiam* opinion held that the case should be removed from the docket until a direction to the contrary shall issue. The *per curiam* opinion cites in support of its decision the *Smith* and *Bonahan* cases. Mr. Justice Frankfurter, with the concurrence of Chief Justice Vinson, dissented, taking the view that the case should be dismissed, since the Court could entertain and decide a case only if there is a litigant before it against whom its decision may be enforced. In the dissenting opinion of Mr. Justice Frankfurter, it is stated in substance that the Attorney General requested the Secretary of State to make application through the usual diplomatic channels for the return of Eisler to the United States. That application was made and resisted by Eisler, and the English Court with final authority in such matters dismissed the application. Since then Eisler has formally repudiated the jurisdiction of this country and has been elected to a political office in a foreign country. The Attorney General has abandoned all attempts to secure his return. Mr. Justice Murphy and Mr. Justice Jackson, in separate dissenting opinions, stated that in their opinion the decision of the Court should be announced, notwithstanding the escape of the prisoner.

For further discussion of the effect of a defendant's fleeing the jurisdiction of the court pending his appeal, see Wharton's Criminal Procedure, Anderson Ed., Vol. 5, § 2249; 24A C.J.S., Criminal Law, § 1825 (4) ; 4 Am. Jur. 2d, Appeal and Error, § 275; Bishop's New Criminal Procedure, 2d Ed., Vol. 1, p. 236.

Defendant Williams has no right to flee to Cuba, and at the same time demand such relief and deliverances as the law may afford, while he persists in his flight and engages in activities in Cuba inimical to

the peace, tranquility and best interest of the people of his State and Nation. The law does not seek or tolerate revenge, but a proper administration of justice requires of every one due submission to the authority of its courts, before it will grant relief.

In *Allen v. Georgia,* 166 U.S. 138, 41 L. Ed. 949, the Court held that the dismissal by a state court of a writ of error taken by the accused from a conviction, because he has escaped and is a fugitive from justice, is not a denial of due process of law within the meaning of the Federal Constitution.

Under all the attendant facts here, we, absent a governing statute, in the exercise of our discretion, are of opinion that the Attorney General's motion to dismiss should not be allowed, but it is ordered, in the exercise of our discretion, that this case be left off the docket until a direction to the contrary shall issue. Such procedure is authorized by our decisions cited above and by the decisions of the Supreme Court of the United States cited above.

Motion to Dismiss Denied, but case ordered to be left off the docket until further order.