State v. Page

---

STATE OF NORTH CAROLINA v. SEDRICK PAGE

No. 7414SC705

(Filed 6 November 1974)

**Criminal Law § 146— escape of defendant — appeal dismissed**

Defendant's appeal from a conviction of felonious possession of heroin is dismissed since defendant, who was serving a sentence imposed upon a conviction of larceny, escaped from the custody of the N. C. Department of Corrections and became a fugitive from justice.

APPEAL by defendant from *Brewer, Judge,* 22 April 1974 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals on 24 September 1974.

The defendant, Sedrick Page, was charged in a bill of indictment with the felonious possession of heroin. From a verdict of guilty and the imposition of a prison sentence of not less than three (3) nor more than five (5) years, defendant appealed to this court.

*Attorney General James H. Carson, Jr., by Assistant Attorneys General H. A. Cole, Jr., and Thomas B. Wood for the State.*

*Edwards and Manson by Daniel K. Edwards for defendant appellant.*

HEDRICK, Judge.

After this appeal was docketed and heard in this court, but before a decision was filed, the State, on 27 September 1974, filed a motion to dismiss the appeal on the grounds that the defendant, while serving a prison sentence for larceny imposed in a judgment entered on 15 August 1974 in Vance County, had escaped from the custody of the North Carolina Department of Correction and had become a fugitive from justice. The State supported its motion by an affidavit of Ben Baker, Supervisor of Combined Records of the North Carolina Department of Correction. Defendant's counsel filed answer to this motion.

> "In appellate courts, where questions of law only can be reviewed, and in the absence of any statute specifically regulating the procedure, if there be satisfactory evidence that a defendant, whose appeal is founded upon exceptions entered on the trial below and has been regularly called for hearing, has escaped and is not in actual or constructive custody, it is clearly within the sound discretion of the Court to determine whether the exceptions shall be argued and passed upon, the appeal dismissed, or the hearing postponed to await the recapture of the alleged offender." *State v. Jacobs,* 107 N.C. 772, 774, 11 S.E. 962 (1890) (citations omitted).

Accord, *State v. Williams,* 263 N.C. 800, 140 S.E. 2d 529 (1965) ; *State v. Dalton,* 185 N.C. 606, 115 S.E. 881 (1923) ; *State v. Keebler,* 145 N.C. 560, 59 S.E. 872 (1907). This principle is not only recognized in North Carolina but appears to be well recog-

nized throughout the United States. 24A C.J.S., Criminal Law, § 1825 (4), p. 483.

Although this court has heard oral arguments on the defendant's appeal, we believe that the above quoted principle is sound authority upon which this court, in our discretion, can dismiss the defendant's appeal. Furthermore, the fact that the defendant has escaped from the prison sentence imposed due to the larceny conviction and not from the judgment imposed in the instant case does not prevent the dismissal of defendant's appeal. He is still a fugitive from justice and can no longer be made to comply with any judgment we may enter. At present, compliance with any decision of this court is in the discretion of the defendant. Therefore, as was said by Chief Justice Clark in *State v. Keebler, supra* at 562, 59 S.E. at 873, "[w]e will not deal with a defendant who is in the woods"; and we will dismiss the appeal.

Appeal dismissed.

Judges MORRIS and BALEY concur.