MEDINA v. MEDINA

[115 N.C. App. 493 (1994)]

---

TAMMY P. MEDINA v. CECIL A. MEDINA

No. 9312DC1058

(Filed 5 July 1994)

**Appeal and Error § 170 (NCI4th)— appellant in hiding—moot appeal—appeal dismissed**

> Plaintiff's appeal from the trial court's orders with regard to child custody, child support, and alimony is dismissed since plaintiff and the child in question are in hiding; if the court on appeal affirms the trial court's orders, plaintiff is not likely to present herself to the court and comply with the orders; if the court on appeal reversed the orders of the trial court, plaintiff will appear or not, as she may consider best for her own interests; and it is not after the manner of appellate courts to hear and decide what may prove to be only a moot case.

**Am Jur 2d, Appeal and Error §§ 760 et seq.**

Appeal by plaintiff from order entered 7 July 1993 and signed 14 July 1993 and from order entered 21 July 1993 and signed 19 August 1993 by Judge James Floyd Ammons, Jr. in Cumberland County District Court. Heard in the Court of Appeals 25 May 1994.

*Reid, Lewis, Deese & Nance, by Renny W. Deese, for plaintiff-appellant.*

*Walen & McEniry, P.A., by K. Lee McEniry, for defendant-appellee.*

LEWIS, Judge.

Because of our disposition of this appeal, a full recitation of the facts is not necessary. The pertinent facts are as follows: Plaintiff and defendant separated on or about 29 April 1992. By order dated 19

August 1992, the parties were granted joint custody of their minor child, with plaintiff having primary custody and defendant having secondary custody. On 5 May 1993, defendant, an employee of the United States Army, filed a motion for emergency visitation, due to his impending transfer for a three-year tour of duty in Germany. Defendant requested that he be awarded visitation of at least one week in July 1993. By order entered 25 May 1993, defendant's motion was granted. Plaintiff, who had since taken the child to Mississippi, was given three thirteen-day periods from which to select. Plaintiff notified defendant by mail of her selection. When defendant arrived on the specified date in Mississippi, he found that plaintiff and the child had disappeared, and even after an extensive search, he was unable to locate them.

Defendant returned to Cumberland County and filed motions for change of custody and for a show cause order regarding plaintiff's failure to abide by the order of visitation. In an order signed 14 July 1993, the court found plaintiff to be in willful contempt of the visitation order. In addition, the court awarded temporary custody of the child to defendant, suspended a previous order of child support, and ordered plaintiff to pay defendant's attorney's fees. The court then scheduled a hearing on defendant's motion for change of custody.

Also on 14 July, plaintiff, though still absent, filed a motion through her attorney to have the presiding judge, Judge James F. Ammons, Jr., recuse himself from any further hearings in the cause, and filed a motion to stay the proceedings in North Carolina and to transfer the case to Mississippi. By order signed 19 August 1993, Judge Ammons granted plaintiff's motion for recusal in part, denied it in part, and modified his 14 July order to allow defendant to appoint a guardian and custodian of the child until plaintiff surrendered herself to the jurisdiction of the court and complied with the 14 July order. In addition, the court terminated plaintiff's temporary alimony. Plaintiff has appealed the orders of Judge Ammons signed on 14 July and 19 August 1993. As of 25 May 1994, the date of oral argument of this appeal, the whereabouts of plaintiff and the child remained unknown.

In *Smith v. United States*, 94 U.S. 97, 24 L. Ed. 32 (1876), quoted in *State v. Williams*, 263 N.C. 800, 805, 140 S.E.2d 529, 533 (1965), the Supreme Court held in a unanimous opinion:

It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is

MEDINA v. MEDINA

[115 N.C. App. 493 (1994)]

where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case.

Likewise, the courts of this state have held that a criminal defendant's appeal may be dismissed if he has escaped and is nowhere to be found. In *State v. Dixon*, 131 N.C. 808, 813, 42 S.E. 944, 945 (1902), our Supreme Court held that "[o]ne who thus dismisses himself abandons his appeal and has no ground to invoke a review of the trial by the appellate Court." In *State v. Keebler*, 145 N.C. 560, 562, 59 S.E. 872, 873 (1907), the Court stated, "We will not deal with a defendant who is in the woods." This Court, in *State v. Page*, 23 N.C. App. 539, 541, 209 S.E.2d 379, 380 (1974), dismissed the defendant's appeal and stated, "He is still a fugitive from justice and can no longer be made to comply with any judgment we may enter. At present, compliance with any decision of this court is in the discretion of the defendant."

We believe that the same principle which underlies the decisions in the above criminal cases, applies with equal force in the case at hand. Here, plaintiff was ordered to allow defendant thirteen days visitation before defendant's transfer to Germany. Plaintiff chose to disregard the order and, with the child, went into hiding. Plaintiff was held in willful contempt of court for violating the order, yet she refused to present herself and the child to the court. She now seeks, through her counsel, to challenge Judge Ammons' orders by appeal to this Court. As stated by the Supreme Court in *Smith*, if we affirm the orders of the trial court, plaintiff is not likely to present herself to the court and comply with the orders. *Smith*, 94 U.S. at 97, 24 L. Ed. at 32. If we reverse the orders of the trial court, plaintiff will appear or not, as she may consider most for her interest. Id. "It is not after the manner of appellate courts to hear and decide what may prove to be only a moot case . . . ." *In re Morris*, 225 N.C. 48, 50, 33 S.E.2d 243, 244 (1945). Accordingly, in our discretion, we dismiss plaintiff's appeal.

Appeal dismissed.

Judges EAGLES and COZORT concur.