Argued December 2, 1936; appeal dismissed January 19;
rehearing denied February 9, 1937

# FEHL *v.* LEWIS

(64 P. (2d) 648)

In Banc.

*Irvin Goodman,* of Portland, for appellant.

*Ralph E. Moody,* Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for respondent.

KELLY, J. The petition, which was filed on April 20, 1936, recites that Earl H. Fehl is imprisoned, detained, confined and restrained of his liberty by defendant as warden of the Oregon state penitentiary; that the cause or pretense of such imprisonment, according to the best knowledge and belief of the petitioner, is as follows:

"(a) That heretofore and on or about Aug. 4, 1933, in an action then pending in the Circuit Court of the State of Oregon for Klamath County, in which the State of Oregon was plaintiff and said Earl H. Fehl was one of the defendants, said Earl H. Fehl was by a verdict made, entered, and filed, found guilty of the crime of burglary not in a dwelling. Thereafter, and on or about August 7, 1933, the aforesaid Court in said cause made and entered an order and judgment in said verdict wherein and whereby said Earl H. Fehl was sentenced to serve an indeterminate sentence of imprisonment in the Oregon State Penitentiary for a term not exceeding four (4) years. Thereafter, and pursuant to said judgment and order of the aforesaid Court in said cause, and on August 15, 1933, said Earl H. Fehl was imprisoned in said Oregon State Penitentiary; and ever since said date said Earl H. Fehl has been and now is so imprisoned, detained, confined, and restrained of his liberty by said J. W. Lewis at said penitentiary."

The petition also alleges:

"That during the course of said imprisonment the record of said Earl H. Fehl has been one of good conduct and industry and has shown evidence of general reformation and that such record entitles said Earl H. Fehl to a deduction of ten days for each month of said maximum sentence."

"That said imprisonment, detention, confinement and restraint is illegal, and the illegality consists in the following:

(a) Earl H. Fehl, having earned the good time allowance provided by law, is entitled to his release from such imprisonment as a matter of right and not as a matter of parole depending upon executive clemency, and such right has become vested in said Earl H. Fehl by virtue of the aforesaid record of good conduct, industry and evidence of general reformation.

(b) The laws of the State of Oregon have for many years past been generally accepted and construed to the effect that good time earned upon a record of good conduct, industry, and evidence of general reformation by persons under indeterminate sentences in the Oregon State Penitentiary entitles such persons to good time allowance as a matter of right and not a matter of executive clemency by parole. Such interpretation prevailed at the time of the said sentence of said Earl H. Fehl and his admission to the Oregon State Penitentiary and at all times until April 11, 1936, and the detention of said Earl H. Fehl is contrary to said interpretation and construction and is discriminatory and violative of the constitutional rights and privileges of said Earl H. Fehl, including the constitutional rights and privileges of said Earl H. Fehl to the equal protection of the laws.

"That the legality of said imprisonment and restraint has not been already adjudged upon a prior writ of habeas corpus to the knowledge or belief of your petitioner."

The motion to quash is based, inter alia, upon the ground that said petition, application or complaint, upon which said writ of habeas corpus was ordered to be issued, does not state facts sufficient to cause the issuance of the writ of habeas corpus.

There is no allegation that the alleged record, on the prisoner's part, of good conduct, industry and evidence of general reformation has been certified to by the warden of the penitentiary.

Section 13-1906, Oregon Code, provides:

"Section 13-1906. Paroles by Governor—Persons under or over twenty—'Good Time' allowance.—Any person sentenced to serve an indeterminate sentence in the penitentiary may be paroled by the governor upon his own motion, or upon the recommendation ·of the parole board, in accordance with the provisions of this section set forth, to wit:

"Any person under the age of twenty years at the time of conviction and sentence, who has not previously been convicted of a crime, may be paroled by the governor upon his own motion, or upon the recommendation of the parole board at any time after said person is committed to the penitentiary.

"Any person over the age of twenty years at the time of conviction and sentence who has not been previously convicted of a crime may be paroled by the governor upon his own motion, or upon recommendation of the parole board, at any time after such person has served one-half of the maximum term for which such person has been sentenced; provided, however, that a record of good conduct, industry and evidence of general reformation certified to by the warden of the penitentiary shall entitle such person to a deduction of five days for each month of said one-half of the maximum sentence, when said one-half of maximum sentence is one year or less, and a deduction of ten days for each month of such period beyond one year. The effect of this 'good time' deduction is intended to be as follows: When the one-half period of the maximum sentence is six months, a parole may be granted when five months have been served; when the one-half period is twelve months a parole may be granted when ten months have been served; when the one-half period is eighteen months, a parole may be granted when twelve months have been served; when the one-half period is two years a parole may be granted when sixteen months have been served, and so on proportionately for any term."

A similar question is discussed in a federal case by the circuit court of appeals of the eighth circuit. There,

a petition for habeas corpus was denied. It was claimed that the petitioner was entitled to a parole. The board of parole had recommended a parole for him. The attorney general, however, had disapproved this recommendation. Section 3 of the Federal Parole Act (36 Stat. 819, Comp. Stat. Sec. 10537) provides:

"Provided that no release on parole shall become operative until the findings of the board of parole under the terms hereof shall have been approved by the attorney general of the United States."

The court say:

"Clearly, this provision lodges in the Attorney General something more than a bare ministerial duty. However, if such duty were purely ministerial, to which we do not agree, yet, the statute requires that it shall be performed before a 'release on parole shall become operative.' If the duty is entirely ministerial, the proper court might, possibly, compel the Attorney General to perform the act and then the parole would become operative, but courts cannot dispense with this positive prerequisite requirement enjoined by the statute." *Cardigan v. White,* 18 Fed. (2d) 572.

■ Under the Oregon statute, above quoted, it is only a record of good conduct, etc., certified by the warden, which entitles the prisoner to the prescribed deductions from his sentence.

The writer thinks that the omission of the allegation of certification by the warden is fatal to the sufficiency of the petition.

■■ A majority of the court hold that the petition is fatally deficient in not alleging restraint by the defendant of the prisoner contrary to the provisions of some parole, pardon, release or discharge issued by the governor. They think that at all times it is within the discretion of the governor to disregard the good

conduct, industry and evidence of general reformation on the part of the prisoner and the certified record thereof. See *Fehl v. Martin et al.*, ante p. 455 decided contemporaneously herewith, wherein these views are expressed in the prevailing opinion; Mr. Justice BAILEY's in a specially concurring; and Mr. Justice BELT's, and the writer's in a dissenting opinion.

■ An unusual record is before us. While in the instant case, there is no allegation of such certification, yet in a suit wherein Earl H. Fehl, himself, is plaintiff and the governor, the assistant attorney general, the members of the parole board, and the parole officers are defendants, it clearly appears that on April 16, 1936, the requisite certification was made by the warden of the penitentiary. For the purposes of the oral arguments, these two cases, namely the one at bar and the suit just mentioned, were argued together.

The record in said suit, as distinguished from this proceeding in habeas corpus, further shows that on said 16th day of April, 1936, a parole containing six express conditions or restrictions was issued to the prisoner by the governor and that upon the 29th day of May, 1936, the prisoner accepted said parole and ever since said last named date has been at large under its terms and conditions.

Treating the facts, disclosed by the record in the suit mentioned, as admissions made upon oral argument, we find it to be an admitted fact that the warden made the requisite certification of good conduct, industry and general reformation before the petition herein was filed and that when the petition was filed such certification had not been revoked.

■ For the same reason, however, namely, that facts admitted upon oral argument are binding upon the

parties, we are bound to give effect to the fact that ever since May 29, 1936, the prisoner has been at large upon parole. If in custody at all, he is in custody of the parole officer and parole board. Neither the parole officer nor any member of the parole board is a party hereto. This renders ineffective any order that could be made upon the defendant herein to produce the prisoner, and, hence, this appeal must be dismissed: *Ex parte Davis,* 11 Okla. Cr. 403 (146 P. 1085); *Ex parte Kirk,* 16 Okla. Cr. 722 (185 P. 706).

Appeal dismissed.

CAMPBELL, C. J., not sitting.