Argued March 3, reversed March 16, opinion clarified
March 23, 1955

## CANNON *v.* GLADDEN

281 P. 2d 233

*Merlin Estep,* Salem, argued the cause for appellant. On the brief were Hewitt, Estep & Sorensen, Salem.

*Lloyd G. Hammel,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

LATOURETTE, J.

Frank Cannon, who is imprisoned in the state penitentiary, applied for a writ of habeas corpus in the Marion county circuit court. Upon a trial the court dismissed the petition. He appeals.

The record shows that on March 12, 1937, petitioner was indicted in the circuit court of Wallowa county for the crime of statutory rape upon a female child under the age of 16 years. At the trial the jury returned a verdict finding petitioner guilty "of the crime of assault with intent to commit rape, included in the crime charged in the indictment." Based upon said verdict the court sentenced petitioner to life imprisonment in the state penitentiary.

From 1864 it has been and now is the law that one found guilty of either statutory or forcible rape may be sentenced to the penitentiary for not more than 20 years. ORS 163.210. From 1864 until 1919 the penalty for assault with intent to commit rape was from one to ten years in the penitentiary. However, the

legislature, by ch 42, General Laws of Oregon 1919, ORS 163.270, fixed the penalty for assault with intent to commit rape at life imprisonment in the penitentiary or for a period of not more than 20 years.

Petitioner claims that the sentence for which he is imprisoned is void because he was convicted of an offense greater than that charged in the indictment. The state counters that the verdict and judgment were authorized by ORS 136.660, which is as follows:

"In all cases, defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment   *   *   *."

■ That the crime of assault with intent to commit rape is included in the crime of rape is set at rest by the early case of *State v. Sargent,* 32 Or 110, 49 P 889. See Annotation, 81 ALR 599.

This is an unusual case. We have been unable to find any authorities to guide us in our task. However, since the life term given petitioner for an included and lesser offense of assault was in excess of that authorized for the major offense of rape, a grave constitutional question arises.

Section 16, art I of our Bill of Rights reads:

"*   *   *   cruel and unusual punishment shall not be inflicted but all penalties shall be proportioned to the offense."

In construing this provision in *State v. Ross,* 55 Or 450, 474, 104 P 596, 106 P 1022, we said:

"There can be no question that a sentence may be excessive, even though within the maximum of the statute, but if excessive, it is within the power of the appellate court to enforce this provision of the Bill of Rights, and avoid the judgment so far as it is excessive.   *   *   *"

In *Sustar v. County Court of Marion County,* 101 Or 657, 665, 201 P 445, we said:

"That part of Section 16 of the Oregon Bill of Rights referred to herein contains three prohibitions and one command:

" '1. Excessive bail shall not be required.

" '2. Nor excessive fines imposed.

" '3. Cruel and unusual punishment shall not be inflicted.

" '4. All penalties shall be proportioned to the offense.'

"In the case of Weems v. United States, 217 U.S. 349, 367, 54 L. Ed. 793, 30 Sup. Ct. Rep. 544, 19 Ann. Cas. 705, the Supreme Court of the United States declared that:

" 'It is a precept of justice that punishment for crime should be graduated and proportioned to the offense.'

"In order to justify the court in declaring punishment cruel and unusual with reference to its duration, the punishment must be so proportioned to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances. Weems v. United States, supra."

The question presented is whether the penalty of life imprisonment for an assault with intent to commit rape under the circumstances of this case is proportioned to the offense, or is it so disproportioned to the offense as to shock the moral sense of all reasonable men as to what is right and proper? The question answers itself.

How can it be said that life imprisonment for an assault with intent to commit rape is proportioned to the offense when the greater crime of rape authorizes a sentence of not more than 20 years? It is unthinkable, and shocking to the moral sense of all reasonable men as to what is right and proper, that in this en-

lightened age jurisprudence would countenance a situation where an offender, either on a plea or verdict of guilty to the charge of rape, could be sentenced to the penitentiary for a period of not more than 20 years, whereas if he were found guilty of the lesser offense of assault with intent to commit rape he could spend the rest of his days in the bastile.

When the legislature amended the law by chapter 42, General Laws of Oregon 1919, ORS 163.270, increasing ·the penalty for an assault to life imprisonment, it undoubtedly did not have in mind the penalty for the graver offense of rape which carried a sentence of up to 20 years. Otherwise, it would not have created such an absurdity.

■ For the purposes of this case we hold that that portion of ORS 163.270, which authorizes punishment of life imprisonment in the penitentiary, is nul and void and a judgment based thereon is likewise invalid. However, since said section provides in the alternative for a sentence in the penitentiary for a period of not more than 20 years, petitioner would be subject to such a penalty.

It follows that the judgment of the circuit court in the present case must be reversed. It is ordered that the petitioner is entitled to a writ of habeas corpus, but that its issuance be stayed for a period of 30 days to afford the proper state officers opportunity to have the petitioner returned to the circuit court for Wallowa county for sentence in accordance with law, such court to allow petitioner credit for the time already served under his sentence and any credits for good behavior to which he may entitled. *Little v. Gladden*, 202 Or 16, 273 P2d 443.

Reversed.

634

*Robert Y. Thornton,* Attorney General for Oregon, Salem, and Lloyd G. Hammel, Assistant Attorney General, Salem, for the petition.

*Hewitt, Estep & Sorensen,* Salem, contra.

LATOURETTE, J.

The Attorney General has petitioned for a rehearing and clarification of a portion of our opinion which reads as follows:

"\* \* \* such court to allow petitioner \* \* \* any credits for good behavior to which he may be entitled."

■ ORS 421.120 provides for credit on a sentence other than life for good conduct while a prisoner is in the penitentiary, such credit to be allowed, however, only as certified to by the warden and upon his recommendation. See *Fehl v. Lewis,* 155 Or 499, 64 P2d 648. There is no certificate or recommendation by the warden in the instant case, and indeed there could be none since petitioner was given a life sentence. The above provision of our opinion was prompted by the testimony of the warden and ex-warden of the penitentiary which disclosed that petitioner, while being incarcerated in that institution, has been a good prisoner and that his conduct warranted being given full credit for good behavior during that period of time.

We did not intend to imply in our opinion that petitioner was entitled to any good behavior credits as a matter of course. It was our opinion that petitioner's exemplary conduct while in the penitentiary should be before the court in order that it might be so advised in passing sentence.