Argued September 19, affirmed November 2, petition
for rehearing denied December 5, 1956

## WHITE *v.* GLADDEN

303 P. 2d 226

*Merlin Estep,* of Salem, argued the cause for appellant. With him on the brief were Hewitt, Estep & Sorensen, of Salem.

*Peter L. Herman,* Assistant Attorney General for Oregon, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General for Oregon.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY and McALLISTER, Justices.

BRAND, J.

The plaintiff Hudson Dodd White brought a habeas corpus proceeding against Clarence T. Gladden, Warden of the State Penitentiary. From an adverse decision in the circuit court he now appeals. On 27 December 1954 the plaintiff filed in the circuit court for Marion County a petition for a writ of habeas corpus alleging that he is imprisoned by the Warden in the Oregon State Penitentiary, setting forth the facts on which he relies to establish the illegality of such imprisonment and praying for his release. The writ issued and the defendant warden filed his return wherein it was stated that the plaintiff is in custody pursuant to three separate judgment orders and sentences in the circuit court for Wallowa County and two judgment orders and sentences in the circuit court for Marion County. The return further stated that the aforesaid imprisonment has not been terminated. On 15 March 1955 an amended traverse was filed which attacked the validity of some of the sentences imposed and asserted that the term of plaintiff's legal imprisonment had expired. A demurrer to the traverse was overruled and the court set the case for trial on 3 August 1955. On that day the plaintiff filed a motion for an order adding the members of the Oregon State Board of Parole and Probation as parties defendant. The defendant moved to dismiss the proceeding. Both motions were based upon the fact that the plaintiff had been paroled from the Oregon State Penitentiary by an order signed on 27 June, effective the first day of August 1955. Attached to an affidavit of the Director of the Parole Board is a photostatic copy of the order of the Parole Board and the agreement pursuant thereto, signed by the plaintiff White. Also supporting the defendant's motion was the affidavit

of the warden to the effect that on the first day of August a parole agreement was entered into between the Parole Board and the plaintiff. The warden further states that the plaintiff was discharged from the penitentiary and "is no longer imprisoned or restrained by me as warden." On 26 August the court denied plaintiff's motion to join the members of the Parole Board as defendants and allowed the defendant's motion to dismiss the proceeding. A judgment dismissing the proceeding was entered on 26 August and the plaintiff appeals therefrom. Certain of the provisions of the order of the Parole Board and of the agreement made thereunder must be noticed. The order contains the following recitation of fact:

"WHEREAS, On 2.15.39; 3.30.45 and 6.18.49 Hudson D. White was sentenced by the Judge of the Circuit Court of the State of Oregon, in and for the Counties of Wallowa & Marion, to imprisonment in the Oregon State Penitentiary for the crimes of sodomy (3 cts.); being a convict & possession of firearm; escape for a term of not to exceed 10, 10, 10, 2 and 1 CS years; and was received at said institution on the 2.17.39; 3.30.45; & 6.18.49; escaped & returned 1.15.45 and 2.21.49. (2 escapes)".

Among the conditions specified in the order is the following:

"1. That this parole is granted to and accepted by the parolee subject to all its terms and conditions and with the understanding that the State Board of Parole and Probation may at any time, in case of violation of any of the terms of this parole, cause the parolee to be returned to the said institution to serve the remaining 13 years, 6 months, and 16 days of said sentence.

"2. That the parolee shall be under the legal

custody and control of the Director of Parole and Probation of the State.

\* \* \* \* \*

"13. That the parolee shall abide by all these conditions until a final discharge is entered."

Immediately beneath the parole order there appears the following statement signed by the plaintiff:

"I have read, or have had read to me, and fully understand and accept the conditions, regulations and restrictions under which I am being released on parole. I will abide by and conform to them strictly, and fully understand that my failure to do so may result in revocation of my parole."

In a memorandum opinion the trial court held that it was unnecessary to decide whether habeas corpus would lie in the case of a person who has been paroled from the penitentiary. The court expressed the opinion that the parole was offered to the plaintiff by the Board on the theory that his imprisonment was legal. We quote from the opinion:

"\* \* \* His acceptance of the parole containing an agreement, among others, that if such parole were revoked he could be returned to prison 'to serve the remaining 13 years, 6 months, and 16 days of said sentence' should be accepted as a representation to the Parole Board that his sentences were valid. The Parole Board having acted in good faith should not now be compelled to litigate the question raised in the habeas corpus proceeding."

The duly certified bill of exceptions in the habeas corpus case recites that the plaintiff appeared in person,

"unaccompanied by any guard or other official of the Oregon State Penitentiary. Whereupon, the

Court made inquiry as to the Plaintiff's custodial status, and it was then and there stipulated in open court by the counsel for the respective parties that the Plaintiff had been paroled from the Oregon State Penitentiary on the 1st day of August, 1955, and it further appeared that neither of the parties had either obtained or requested leave of the Court for the Plaintiff's parole."

We will briefly state the facts on which the plaintiff bases his claim that his term of imprisonment had expired at the time that the habeas corpus proceedings were brought. The entire record of the criminal proceedings against the plaintiff in Wallowa county was introduced by stipulation. We find three separate indictments against White as defendant, each charging the commission of the crime of sodomy. In all three indictments it is charged that the offense was committed on the 16th day of January, 1939, but a different child is named as the victim in each indictment. Three separate orders were signed by the circuit judge, each reciting an arraignment of the then defendant White. None of them expressly states to which of the three indictments the particular arraignment related. Three separate orders were signed by the trial judge reciting the receipt and entry of a plea of guilty. Again the record does not show to which of the three indictments each separate plea relates. On 14 February three judgments of conviction were made and signed by the trial judge. The wording in all three is identical. After the usual recitals, each judgment order continued, as follows:

"IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED by the above named Court that the above named Defendant, Hudson Dodd White, be confined in the penitentiary at Salem, Oregon,

for a period without limitation of time, the maximum of which is hereby fixed at ten years.

"The above named Defendant having been also convicted at this time of two additional crimes of sodomy and having received a like sentence for a period without limitation of time, the maximum of which is hereby fixed at ten years. It is hereby further ordered and adjudged that this sentence and such sentences run consecutively."

While it is unfortunate that the three orders on arraignment, the three orders on the plea of guilty, and the three judgment orders, were not in each case tied to one of the three indictments, nevertheless, the inference is clear that the court in entering three separate judgments intended that they should apply to the only three indictments then outstanding against defendant White. The plaintiff, in the habeas corpus proceeding, contended, in substance, that the defendant had been sentenced only once and for ten rather than 30 years. His second contention was that if the record of imprisonment was for 30 years he was entitled to show by evidence dehors the record that he was never arraigned upon more than one of the indictments. If the case were to be tried upon the merits, a nice question would arise as to whether, in view of the record to which we have referred, the plaintiff would be entitled to show by oral evidence that he was only arraigned upon one indictment or that he was only sentenced for one crime. We have held that the recitals in the orders of the court import absolute verity. *Huffman v. Alexander,* 197 Or 283, 251 P2d 87, 253 P2d 289. We think, however, that the question is not before us on this appeal.

The only assignment of error is as follows:

"The Court erred in denying the appellant's motion to add the members of the Parole Board

as parties defendant, in denying the appellant a hearing and decision upon the issues raised by the pleadings, and in dismissing the case because of appellant's parole from prison after the case was at issue but before trial."

The question presented by the briefs of both parties is whether a person on parole is entitled to bring habeas corpus.

The statute must be read in the light of decisions construing it. It reads as follows:

"The writ of habeas corpus ad subjiciendum is the writ designated in ORS 34.310 to ORS 34.730, and every other writ of habeas corpus is abolished. Every person imprisoned or otherwise restrained of his liberty, within this state, except in the cases specified in ORS 34.330, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom." ORS 34.310.

"The following persons shall not be allowed to prosecute the writ:

\* \* \* \* \*

"(2) Persons imprisoned or restrained by virtue of the judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or decree." ORS 34.330.

The statute also provides that the circuit court of the judicial district wherein the party is imprisoned or restrained shall have jurisdiction. ORS 34.320. The question immediately arises as to what court would have jurisdiction over a parolee who is not physically restrained at all and who is limited only by an order which may or may not place restraints upon his freedom of movement. In the pending case the plaintiff

testified that one of the conditions of his parole was that he should remain in the state of Oregon. Examination of the parole order, however, reveals that no such limitation was imposed. In what court and in what judicial district then has the statute vested jurisdiction? The logical inference from the statute is that the kind of restraint to which reference is made is a physical restraint within the state of Oregon and within some county or judicial district of the state. A person may be subject to physical restraint when under arrest by a police officer or by any other person, without being in prison, but such restraint differs in kind from that imposed by rule up on a parolee.

The authorities are in conflict as to the right of a person on parole to bring habeas corpus. In the following cases it has been held that a petition in habeas corpus will be dismissed when brought by one who has been released on parole. *United States v. Cummings,* 2d Cir 1956, 233 F2d 187; *Weber v. Squier,* 124 F2d 618, cert den 315 US 810, 86 L ed 1209; *Van Meter v. Sanford,* 5th Cir 1938, 99 F2d 511; *Ex parte Kirk,* 16 Okla Cr App 722, 185 P 706; *Ex parte Cindle,* 71 Okla Cr App 135, 109 P2d 519; *Ex parte Dumas,* 137 Tex Cr 524, 132 SW2d 883.

There is a striking resemblance to the case at bar in *United States v. Cummings,* supra, decided by the United States Circuit Court of Appeals in May, 1956. The plaintiff brought habeas corpus alleging that three sentences based on three counts for indecent assault had run concurrently and that he had already served the maximum which was imposed on the first sentence. It was held that the sentences ran consecutively. The court continued:

> "It appears, however, that since the commencement of this proceeding the petitioner has been

released on parole and is no longer in the custody of the respondent. The case must therefore be dismissed as moot. Weber v. Squier, 1942, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209; McNally v. Hill, 1934, 293 U.S. 131, 138, 55 S.Ct. 24, 79 L.Ed. 238; Van Meter v. Sanford, 5 Cir., 1938, 99 F.2d 511; Witte v. Ferber, 3 Cir., 1955, 219 F.2d 113.''

In *Van Meter v. Sanford,* supra, the plaintiff brought habeas corpus against the warden of the United States Penitentiary at Atlanta. Pending his appeal he was released on parole, and the court held that the appeal must be dismissed since he was no longer in the custody of the warden, who therefore could not produce his body to answer the judgment of the court and could exercise no control over him. The court said:

"A prisoner out on parole probably cannot maintain habeas corpus against anyone. No one has his body in custody, or could lawfully arrest him by virtue of his parole status so long as he observes its conditions. A mere moral restraint will not support habeas corpus."

In *Weber v. Squier,* Supra, the plaintiff, a prisoner in the penitentiary, brought habeas corpus. The district court dismissed the petition and the plaintiff appealed. The Circuit Court of Appeals observed that the "Appellant  *  *  *  is confined in a United States penitentiary  *  *  *." It considered the case on the merits and affirmed the judgment. The plaintiff then petitioned the United States Supreme Court for a writ of certiorari. The court in a memorandum opinion said:

"The petition for writ of certiorari is denied on the ground that the cause is moot, it appearing that petitioner has been released upon order of the United States Board of Parole and that he is no longer in the respondent's custody.  *  *  *"

See also, *Wales v. Whitney,* 114 US 564, 29 L ed 277;
*In re Whisenhunt,* 75 Okla Cr Rep 313, 131 P2d 134;
*Ex parte Davis,* 11 Okla Cr Rep 403, 146 P 1085.

The courts have also considered an analogous
situation in which a person who is at large under bail
bond brings habeas corpus. In *Robinson v. Bax,* Ky
App, 247 SW2d 38, 1952, the court said:

> "It is elementary that the writ of habeas corpus
> is appropriate only in whose cases where there is
> an actual or physical restraint of the person. The
> rule is stated in 14 A.L.R. 344: 'It is well settled
> that a person out on bail is not so restrained of
> his liberty as to be entitled to a writ of habeas
> corpus. An actual or physical restraint is required
> in order that such a writ may issue."

As opposed to the foregoing cases it has been held
that a convict on parole may bring habeas corpus in
Florida and California. *Sellers v. Bridges,* 153 Fla
586, 15 So2d 293; but see annotation, 148 ALR 1243;
*Ex parte Harincar,* 38 Cal App 279, 176 P2d 58; *In
re Marzec,* 25 Cal2d 794, 154 P2d 873.

The overwhelming weight of authority is to the
effect that habeas corpus should not issue on behalf
of persons discharged on bail. The rule is so stated
in 39 CJS 440, Habeas Corpus, § 9b, Note 54, citing
decisions of the courts of Arizona, Arkansas, Cali-
fornia, Idaho, Kentucky, Mississippi, Missouri, New
Jersey, Pennsylvania, Texas, Washington, and numer-
ous federal decisions culminating in *Rowland v. State
of Arkansas,* 179 F2d 709, cert. den. 339 US 952, 94
L ed 1365, 339 US 991, 94 L ed 1392; and *In re Row-
land,* 85 F Supp 550, affirmed 179 F2d 709, cert. den.
339 US 952, 94 L ed 1365, 339 US 991, 94 L ed 1392.
And see, *Stallings v. Splain,* 253 US 339, 64 L ed 940;
*Hyde v. Nelson,* 287 Mo App 130 229 SW 200; *Ex*

*parte Lowery,* 151 Tex Cr 45, 204 SW2d 519; *Ex parte Weinberger,* 105 NJE 125, 147 A 217.

██ As the case now stands the only defendant is the warden of the penitentiary. In *Fehl v. Lewis,* 155 Or 499, 64 P2d 648, the plaintiff brought habeas corpus against the warden. The court found that Fehl was on parole, and said:

"* * * we are bound to give effect to the fact that ever since May 29, 1936, the prisoner has been at large upon parole. If in custody at all, he is in custody of the parole officer and parole board. Neither the parole officer nor any member of the parole board is a party hereto. This renders ineffective any order that could be made upon the defendant herein to produce the prisoner, and, hence, this appeal must be dismissed: * * *."

We hold that any order that could be made upon the defendant Gladden to produce the "prisoner" would be ineffective, and as to him, the appeal must be dismissed.

The only question remaining is whether the court erred in refusing to join the members of the Parole Board as parties defendant. The office of Director of Parole and Probation was created in 1939 which was subsequent to the decision in *Fehl v. Lewis,* supra. The order of parole provides that "the parolee shall be under the legal custody and control of the Director of Parole and Probation of the State." It follows that even if the quasi or constructive custody of a parolee is sufficient to warrant the bringing of habeas corpus, the proper party defendant would be the Director of Parole and Probation in whom such "custody" is vested. If a court places a defendant in the physical custody of an officer, the proper party defendant in habeas corpus would be the officer, not

the judge. So too, if the Parole Board places a convict in the custody of the Director of Parole and Probation, either physically or constructively, the Director and not the Board members would be the proper defendant, even if we should hold that habeas corpus would lie in cases of constructive custody.

We think that the decisions which deny habeas corpus at the suit of a parolee are supported by sound reason. When a convict is free to present himself before the appropriate court in Oregon, and, in effect, say "*habeo* corpus", there seems little common sense in directing a writ *habeas* corpus to some parole officer whose only authority to take physical custody of the parolee is dependent upon breach by the parolee of the conditions of his parole. It will be recalled that the record shows that the plaintiff appeared in court unaccompanied by any guard or other official of the penitentiary. By the same token, he could have appeared unaccompanied by any officer in the court in which he was originally convicted. We hold that the court did not err in dismissing the writ as to the defendant warden and did not err in refusing to join the members of the Parole Board as parties defendant.

■ As usual in these cases, the plaintiff contends that the continued quasi custody over him as a parolee violates the Due Process Clause and that the denial of a remedy in habeas corpus leaves him with no remedy. The courts have repeatedly held that habeas corpus will not lie if there is any other adequate remedy, and this court is also committed to the rule that motions in the nature of coram nobis will lie when constitutional right has been violated and when there is no other adequate remedy. For the reasons above set forth we find that habeas corpus will not lie in this case. It is therefore unnecessary to decide

whether there has been any violation of constitutional right. If there is such violation, and if there is no other remedy, it may be that a motion in the nature of coram nobis would be available. We go no further here than to hold that the procedure now before the court was inappropriate. We have given careful consideration to the cases cited by the plaintiff, and hold that they are not controlling under the peculiar facts of this case.

The judgment of the circuit court dismissing the proceedings is affirmed.