Argued and submitted October 16, reversed and remanded November 18, 1987

## CURTIS L. MUNSON,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(86-C-11775; CA A43865)

745 P2d 785

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Scott McAlister, Assistant Attorney General, and Kurt Mitchell, Certified Law Student, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The trial court granted summary judgment to defendant in this habeas corpus case. On appeal, appellant argues that his imprisonment is unlawful, because the Parole Board did not give him adequate notice of an unfavorable psychiatric report before it extended his parole date and because it did not notify him of his right to seek judicial review of its decision. We hold that defendant was not entitled to summary judgment on either issue and, therefore, reverse and remand.

■ The record shows that appellant received the psychiatric report, but it does not indicate when. OAR 255-30-045(5) provides:

> "Written materials subject to disclosure to be considered by the Board shall be sent to the inmate at the same time the material is made available to the Board."

There is no evidence to support a determination that appellant received the report at the same time that it was made available to the Board. There is therefore a genuine issue of material fact on that point.

■ The second issue is whether the Board was required to notify appellant of his right to judicial review. In *Billings v. Maass,* 86 Or 66, 738 P2d 222 (1987), we held that the petitioner was not entitled, on the grounds on which he relied, to notice of his right to seek judicial review. We did not consider the effect of ORS 183.413(2)(i), which requires that agencies give parties appearing before them a "description of the appeal process from the determination or order of the agency." *See* 86 Or App at 68 n 2. The Board is not exempt from the requirements of ORS 183.413. ORS 183.413(2); ORS 183.315(1). The Board erred in not informing appellant of his right to judicial review.

■ Whether the Board's failure to advise petitioner of his right to judicial review requires invalidation of its action depends on whether the error affected appellant's substantial rights. ORS 183.413(4). There is a genuine issue of material fact on that point; the trial court must resolve it.

Reversed and remanded.