Argued and submitted November 19, 1987, reversed February 24, reconsideration denied April 22, petition for review denied May 17, 1988 (305 Or 672)

## GLENN DEAN WOOLSTRUM,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A42373)

750 P2d 509

Lisa A. Maxfield, Portland, argued the cause for petitioner.

With her on the brief were Marc D. Blackman and Ransom, Blackman & Simson, Portland.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner seeks review of an order of the Board of Parole which refused to set a parole release date. He was convicted of attempted murder and kidnapping and was sentenced to 20 years imprisonment with a five year minimum for use of a gun. He was employed by the Clackamas County Sheriff's office as a correctional officer at the time when he committed the crimes. Before his first parole term hearing, he signed a document labeled "Waiver of ORS 144.210," stating:

> "You have the right to have the Board of Parole consider information from the sentencing judge, the district attorney, and the sheriff or arresting agency in a statement of all the facts concerning such convicted person's crime and any other information which they may have concerning the convicted person. The Board of Parole presently does not have this information available to it.

> "Therefore, if you want, the Board will continue your hearing to obtain this information; alternatively, at your request the Board will proceed to set your parole release date without this information."

Petitioner elected to proceed before the panel of the Board without the information. He tried to introduce documentary information concerning the effects of anabolic steroids on his mental state at the time of the offense. The panel did not consider that information but allowed petitioner to explain the effects of the steroids. At the end of the hearing, the panel advised petitioner that it would refer the matter to the full Board and that he should take the "materials" with him. When petitioner appeared before the full Board, he did not ask it to consider whatever information he had. The Board voted unanimously not to set a parole release date, citing "particularly violent and otherwise dangerous criminal conduct for a person in a position of trust, who manifested an extreme indifference to the value of human life." *See* OAR 255-35-030(1)(a); OAR 255-35-005(6).

■ On review, petitioner contends that the statutory and administrative structure under which he was denied parole violates the proportionality requirements of Article I, section 16, of the Oregon Constitution. Under ORS 144.120(4), the Board may choose not to set a parole release date

> "in the case of a prisoner whose offense included particularly violent or otherwise dangerous criminal conduct * * *."

OAR 255-35-005(6) defines "particularly violent or otherwise dangerous criminal conduct" to include

> "conduct which is not merely unpleasant or offensive, but which is indifferent to the value of human safety or property."

Petitioner argues that, because the rules are so broad, the structure appears to allow the Board to decline to set a parole release date without any finding of aggravation beyond the crime itself and on a lesser showing than would be required for setting a parole release date beyond the matrix range.[1] The argument has no merit, if only because of the fact that several aggravating factors were found to be present. Thus, petitioner has not shown that the scheme is unconstitutionally overbroad as applied to him. *See State v. Pruett,* 37 Or App 183, 586 P2d 800 (1978); *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971). He relies on *Cannon v. Gladden,* 203 Or 629, 281 P2d 233 (1955), and *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981), to support his constitutional challenge. Both involved challenges to criminal sentences on the basis of Article I, section 16. Here, a court's sentence is not at issue. The only issue is what part of the sentence will have to be served.

Even if the proportionality tests of *Cannon* and *Shumway* apply, which we need not decide in this case, they do not compel reversal. They hold that a punishment is unconstitutional if "it is so disproportionate to the offense as to shock the moral sense of all reasonable men as to what is right and proper." *Cannon v. Gladden, supra,* 203 Or at 632. Petitioner makes no claim that his prison term of approximately 13.5 years for attempted murder and kidnapping "shocks the moral sense of all reasonable men." Even if he had, we would

---

[1] ORS 144.120(2) directs the Board to conduct a hearing to set the initial parole release date. The Board is given the authority to adopt rules regulating variations from the matrix range, to be applied when aggravating or mitigating circumstances exist. *See* ORS 144.785. Examples of aggravating circumstances are: "Production or use of any weapon during the criminal episode; threat or violence toward witness or victim; ability to make restitution or reparation and failed to do so; violation of position of public trust or recognized professional ethics." *See* Exhibit E to OAR 255-35-035. However, an aggravating or mitigating circumstance which constitutes a defining element of the crime may not be used to justify variation from the guidelines. OAR 255-35-035(1)(b).

conclude that it does not and that Article I, section 16, has not been violated.

Petitioner also contends that the statutory scheme violates due process; however, he makes no argument to support his contention.

■ The only other issue which we need address is petitioner's claim that the Board erred in failing to tell him that a potential outcome of a parole term hearing was that setting a parole release date would be refused. He cites *Spray v. Bd. of Medical Examiners,* 50 Or App 311, 330, 624 P2d 125, *rev den* 291 Or 117 (1981), and ORS 183.413. Since the briefs in this case were filed, we have pointed out that the notice requirements of the Administrative Procedures Act apply to the Board of Parole. ORS 183.413(2); *Munson v. Maas,* 88 Or App 332, 745 P2d 785 (1987). Petitioner contends that, had he been advised of all of the hearing's possible consequences, he would have taken steps to prepare for and protect himself in the hearing process, such as by securing the services of an attorney.

We agree that the Board erred by not advising petitioner that the hearing could result in denial of parole. That, along with the Board's failure to notify petitioner of whether the parties in such circumstances are ordinarily represented by an attorney, as required by ORS 183.413(2)(d), leads to our conclusion that the Board's error affected petitioner's substantial rights. ORS 183.413(4).

Reversed.