Argued and submitted June 17, 2004, reversed June 1, 2005

# WILLIE D. ALEXANDER,
*Respondent,*

*v.*

# Michael GOWER,
Superintendent,
Columbia River Correctional Institution,
*Appellant.*

## 0307-07798; A123175

113 P3d 917

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Harrison Latto argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.*

EDMONDS, P. J.

---

* Deits, J. pro tempore, *vice* Schuman, J.

## EDMONDS, P. J.

■     Defendant appeals a judgment granting habeas corpus relief to plaintiff and ordering his immediate and unconditional release from prison.[1] Defendant assigns as error the trial court's entry of judgment directing defendant to release plaintiff unconditionally from custody forthwith. Defendant makes three principal arguments in support of the assignment of error: (1) plaintiff had other adequate remedies at law; (2) the Board of Parole and Post-Prison Supervision (board) rescinded plaintiff's 1992 parole release date, and thus plaintiff was not entitled to immediate release; and (3) because plaintiff did not complete his Multnomah County sentences until 1996, he was not entitled to be released on his Marion County sentences. Plaintiff cross-assigns as error the trial court's denial of his motion for an order to show cause. We review for errors of law. *Haskins v. Palmateer*, 186 Or App 159, 161, 63 P3d 31, *rev den*, 335 Or 510 (2003). To the extent that the trial court's factual findings are supported by evidence in the record, those findings will not be disturbed. *Ball v. Gladden*, 250 Or 485, 487-88, 443 P2d 621 (1968). We reverse.

To assist in adequately explaining our decision, we state the facts in detail. In 1985, plaintiff was convicted in Multnomah County Circuit Court of robbery in the third degree, ORS 164.395, and exconvict in possession of a firearm, ORS 166.270. He received two consecutive indeterminate five-year sentences. Plaintiff was paroled in 1986, but his parole was revoked after he committed new crimes in Multnomah County. On July 22, 1986, he was convicted of robbery in the first degree, ORS 164.415, and assault in the second degree, ORS 163.175. Plaintiff was sentenced to indeterminate terms of 15 and five years, to be served concurrently with each other and concurrently with his previous

---

[1] Plaintiff has since been released on parole. However, this case is not moot because, if plaintiff obtains the relief he seeks, he will not be subject to parole supervision. Neither party addresses the fact that defendant no longer has physical custody of petitioner. *See, e.g.*, ORS 34.320, regarding the transfer of custody of the imprisoned party. Because, as we hold in this opinion, plaintiff's petition is barred by operation of law on procedural grounds, we do not decide whether the remedy of habeas corpus would otherwise be available to him under the circumstances. *White v. Gladden*, 209 Or 53, 63-64, 303 P2d 226 (1956).

sentences. On October 7, 1987, the board conducted a hearing to determine plaintiff's parole release date for all four Multnomah County sentences. The board established a prison term on all four sentences of 72 months and set an initial parole release date of May 7, 1992.

On May 1, 1988, plaintiff escaped from prison and committed new crimes in Marion County. Three days later, he was returned to prison. In a July 6, 1988, disciplinary report, the Department of Corrections (DOC) recommended to the board that plaintiff's prison term be extended by 100 percent as a sanction for his escape.[2] On December 16, 1988, plaintiff was sentenced in Marion County Circuit Court to an indeterminate sentence of 10 years for robbery in the second degree, ORS 164.405 (with a five-year judicial minimum under ORS 144.110(1)), and five years for unauthorized use of a motor vehicle, ORS 164.135 (with a two-and-one-half year minimum), each sentence to be served consecutively to the other and consecutively to any other sentence then being served.

After those sentences were imposed, the board conducted a hearing on February 8, 1989. On Board Action Form #3[3] the board noted plaintiff's three days of inoperative time while he was on escape status and entered an "adjusted inception date" of May 11, 1986.[4] The board also noted that it would consider the recommended 100 percent prison term extension at the prison term hearing for the Marion County crimes. Plaintiff's parole release date, which had been identified as May 7, 1992, on every board action form following the October 7, 1986, order, was left blank.

In July 1990, the board met to determine how much time plaintiff would be required to serve on his Marion County convictions and to consider DOC's recommended postponement of his release date on the Multnomah County sentences. In its resulting Board Action Form #4, the board

---

[2] This was first noted by the board in an action dated August 4, 1988.

[3] The board began numbering its board action forms sometime between the October 28, 1988, hearing and the February 8, 1989, hearing. The form numbers are included where applicable.

[4] Plaintiff's "adjusted inception date," previously known as the "adjusted commitment date," had been May 8, 1986, since the October 7, 1986, board hearing.

first noted that "the adjusted inception date [of the Marion County sentences] is the previous parole release date of 05/07/1992, due to the consecutive nature of sentencing." The board then added the inoperative time during which plaintiff was on escape status and noted an actual adjusted inception date of May 10, 1992. Finding 60 months to be an appropriate prison term for the Marion County sentences, the board established a parole release date of May 9, 1997. Because plaintiff received convictions for the crimes he had committed while on escape status, the board did not impose a prison term extension sanction as recommended by DOC. Plaintiff requested administrative review of the board action that imposed the 60-month prison term on the Marion County sentences. In August 1990, the board affirmed its prior decision and relief was denied.

In December 1992, on Board Action Form #6, the board reduced plaintiff's prison sentence by six months, due to his reformation, and established a new parole release date of November 9, 1996. Later that month, plaintiff requested administrative review of both the 1990 (again) and 1992 board actions. The request was denied as to the 1990 action because the 45-day period to request review had long expired. Review was also denied as to the 1992 action for a variety of reasons not at issue here.

Beginning in 1996, the board deferred plaintiff's November 9, 1996, parole release date four times—on July 2, 1996, August 6, 1998, May 9, 2000, and May 14, 2002—each time for 24 months, based on the board's conclusion that he suffered from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community. The last postponement, on May 14, 2002, established a firm release date of November 9, 2004. On each of the four board action forms that postponed plaintiff's parole release date, beginning with the one issued on July 2, 1996, plaintiff's "adjusted inception date" was stated as May 10, 1992. Also on those forms, his postponed parole release date was initially stated as November 9, 1998, with two years added to that date on each of the next three forms.

On March 22, 1999, the board issued Board Action Form #13, purportedly in response to "an error in the verbiage" found by two board members while reviewing the 1990

Board Action Form #4.[5] Board Action Form #13 stated, "The purpose of this board action is to clarify the board's intent to rescind the parole release date of 05/07/1992 in Board Action Form #4." Board Action Form #4 was then repeated in its entirety with the addition of one sentence: "Board rescinds parole release date of 5/07/1992."

Plaintiff filed this petition for writ of habeas corpus in Multnomah County Circuit Court on July 24, 2003, alleging that he began serving his Marion County sentences on May 10, 1992, that he now has served past his "good time" date on both of those sentences, and that he was, therefore, entitled to immediate release. The writ issued, and defendant filed a return asserting that plaintiff's confinement was lawful and constitutional. Plaintiff then filed a replication containing allegations that mirrored his petition.

Defendant moved to dismiss, relying on an affidavit from a DOC technical program specialist responsible for sentence computation. The motion to dismiss was denied, and the case was set for trial. Following a trial to the court, the court ordered plaintiff's immediate release, pending entry of judgment. Defendant immediately filed a petition for writ of mandamus, and a stay of the release order was granted. The trial court then entered a judgment, and defendant appealed and sought a stay from this court. A stay is now in effect.

On appeal, defendant first notes that habeas corpus is an extraordinary remedy and is available only if there is no other adequate remedy available. According to defendant, plaintiff's habeas corpus claim, under plaintiff's analysis, would have first accrued in 2001 when the good time date on his Marion County sentences had passed. Defendant asserts that it follows that plaintiff had an adequate remedy available at the time of the May 14, 2002, order (at which the board postponed his parole release date for the fourth time) on the ground now asserted for habeas relief.[6]

---

[5] See discussion of the 1990 Board Action Form #4 above. 200 Or App at 25-26.

[6] In his administrative review request, plaintiff alleged that there was insufficient evidence to support a finding that he was suffering from a severe emotional disturbance, that the board has no basis to impose special conditions on plaintiff while on parole, and that the board imposed an improper minimum parole supervision period. Plaintiff sought judicial review of the board's administrative review response, and that separate case is pending in this court.

■■ We agree in substance with defendant's argument but on the basis of a statute that defendant did not cite to the trial court or on appeal, insofar as we can discern.[7] ORS 34.330 provides, in part, that

"[a] person may not prosecute a writ of habeas corpus if:

"* * * * *

"(4) The person is eligible to seek judicial review of a final order of the State Board of Parole and Post-Prison Supervision under ORS 144.335 but the person fails to seek judicial review of the order in a timely manner."

Subsection (4) was enacted as an amendment to ORS 34.330 by the 2001 legislature, Or Laws 2001, ch 661, § 2, and is an apparent codification of the long-existing common-law rule that the remedy of habeas corpus is not available to parties who neglect to seek timely judicial review of the challenged decision. *See Barber v. Gladden,* 210 Or 46, 62-63, 309 P2d 192 (1957), *cert den,* 359 US 948 (1959); *see also Billings v. Maass,* 86 Or App 66, 738 P2d 222 (1987) (holding that the prior failure of the petitioner to appeal the resetting of his parole release date by the parole board meant that habeas corpus relief was not available to him).[8]

ORS 34.330(4) governs the disposition of this case. Its provisions became effective as to final board orders mailed on or after January 1, 2002. Thus, the board's May 14, 2002, order was subject to its provisions, and plaintiff's failure to seek judicial review of that order in a timely manner on the ground that he now asserts operates to bar his petition in this case by operation of law.

Reversed.

---

[7] In *Miller v. Water Wonderland Improvement District,* 326 Or 306, 309 n 3, 951 P2d 720 (1998), the Supreme Court held that parties cannot prevent a court from noticing and invoking an applicable statute by relying only on other sources of law. Here, defendant raised the issue whether plaintiff had adequate remedies both in the trial court and on appeal but failed to cite to applicable statute.

[8] Defendant did cite *Billings* in the trial court and on appeal.