648 August 28, 2024 No. 610

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JAMES KALEO BOND,
*Plaintiff-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV17060; A182563

Eva J. Temple, Judge.

Submitted August 1, 2024.

Corbin Brooks and Equal Justice Law filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Plaintiff appeals a judgment denying his petition for habeas corpus relief.  Plaintiff contends that his custodians are being deliberately indifferent to his medical needs in violation of his constitutional rights. He argues that the trial court legally erred when it relied on the testimony of a defense witness to deny relief. We ordinarily review the denial of habeas corpus relief for legal error. *Alexander v. Gower*, 200 Or App 22, 24, 113 P3d 917 (2005), *rev den*, 340 Or 34 (2006). However, we do not reach the merits of plaintiff's arguments because they were not preserved in the trial court. Accordingly, we affirm.

Plaintiff petitioned for habeas corpus relief, alleging that defendant was deliberately indifferent to his serious medical condition of undiagnosed chronic back pain by denying him a Magnetic Resonance Image (MRI) for his spine. *See Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996) (stating standards for medical habeas corpus relief). He also alleged that defendant subjected plaintiff to unnecessary rigor in failing to provide adequate diagnosis and treatment of his back pain. *See Bedell v. Schiedler*, 307 Or 562, 770 P2d 909 (1989) (stating standards for unnecessary rigor claims). Defendant denied all allegations, arguing that plaintiff could not carry his burden to prove them. The case went to trial before the court.

At trial, plaintiff offered the declaration of Dr. Mark Baskerville, an attending intensivist in Oregon Health & Science University's intensive care units. Baskerville reviewed plaintiff's medical records from the correctional facility and opined that plaintiff needed an MRI to evaluate his back pain. Defendant offered the testimony of Dr. Steven Hammond, a physician licensed in Washington. Hammond also reviewed plaintiff's medical records and opined that plaintiff's symptoms were consistent with generalized chronic pain that did not warrant an MRI. Neither doctor physically examined plaintiff, although Baskerville spoke with him by phone.

The trial court denied relief in a ruling from the bench. As to deliberate indifference, the court recognized

that "there is definitely a difference of opinion" regarding the need for an MRI on plaintiff's back and, based on that finding of a difference of medical opinion, concluded that plaintiff had failed to prove that defendant was deliberately indifferent to plaintiff's serious medical needs in failing to provide him with an MRI. As to unnecessary rigor, the court determined that defendant did not subject plaintiff to such unconstitutional rigor. The court formalized its conclusions in a written judgment.

Plaintiff appeals and argues that the trial court erred "in concluding there was a difference of medical opinion because defendant's expert, Hammond, was not a qualified expert on the subject matter, and Hammond applied an incorrect legal standard in reaching his opinion." Defendant states that plaintiff did not preserve either argument. We agree that plaintiff did not preserve either argument and affirm for that reason.

In arguing that his argument regarding Hammond's qualifications as an expert witness under OEC 702 was preserved, plaintiff points to statements made by his trial counsel in closing argument:

"If Your Honor is looking at these experts, ***, one who plainly has the experience, direct hands-on care to opine with integrity and with, ***, expertise on this condition [referring to Dr. Baskerville], and one that has never had the experience, hands-on direct care, can't remember treating anybody, ***, and also has a finding against him of for conduct that was malicious, oppressive or reckless, and twenty-four cases with him as the named defendant, and according to his testimony multiple preliminary injunctions ordering his department to provide care [referring to Dr. Hammond], ***, it's not hard to see who the qualified expert is to opine on [plaintiff's conditions].

"*****

"[T]he only expert *** to serve as Your Honor's guide, is Dr. Mark Baskerville."

Those statements do not show that plaintiff preserved an argument relating to Hammond's qualification as an expert witness under OEC 702. Not only do they omit to mention OEC 702 (neither plaintiff nor defendant raised any

OEC 702 issues to the trial court), in context, it is clear that plaintiff was making a straightforward argument that the trial court should credit his witness over defendant's witness in the battle of the medical professionals presented to the court. *See State v. Woodbury*, 289 Or App 109, 114, 408 P3d 267 (2017) (stating that, to qualify a witness as an expert under OEC 702, the court must be presented with the opportunity to assess the particular qualifications of a witness)). "It is well settled in our jurisprudence that an issue ordinarily must first be presented in the trial court before it may be raised and considered on appeal." *Id*. "That requirement gives the trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether; it also ensures fairness to the opposing party by permitting the party an opportunity to respond to the contention." *Id*. at 114. Because plaintiff did not argue to the trial court that Hammond is not a qualified expert under OEC 702, he failed to preserve any argument that the trial court erred in relying on Hammond's testimony to determine that there was a difference in medical opinions as to plaintiff's required care.[1]

Plaintiff's second argument, that Hammond applied an incorrect standard of care in reaching his opinion, is also not preserved for the same reason. In arguing that the argument was preserved, plaintiff points to the same statements made in closing argument. Those statements do not raise the issue about whether Hammond relied on an incorrect standard of care, and plaintiff did not otherwise argue to the trial court, as plaintiff argues now, that it would be legally erroneous for the court to rely on Hammond's testimony, in view of Hammond's alleged misunderstanding of the standard of care. Plaintiff does not argue that we should review his arguments as raising plain error. Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[1] We have acknowledged that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Easley v. Bowser*, 306 Or App 460, 464, 474 P3d 915 (2020) (quoting *Estelle v. Gamble*, 429 US 97, 106, 976 S Ct 285, 50 L Ed 2d 251 (1976), *reh'g den*, 429 US 1066 (1977)). We have not, however, required that parties submit expert testimony in support of their arguments in a medical habeas case. Although parties may wish to submit their witness testimony as expert testimony under OEC 702, there is no legal requirement to do so.